PECK v. MURPHY & BOLANZ. (No. 7443.)

(Court of Civil Appeals of Texas. Dallas. March 4, 1916.)

1. EXECUTION ⬦333—RETURN—STATUTE.

An execution when issued and placed in the hands of an officer is returnable under Vernon's Sayles' Ann. Civ. St. 1914, art. 3730, in 30, 60, or 90 days, if so directed by the plaintiff or his attorney, and if no return day is specified, is returnable on the first day of the next term of the court whence it is issued.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1002–1004; Dec. Dig. ⬦333.]

2. LIMITATION OF ACTIONS ⬦22(8)—LIABILITY FOR FAILURE TO LEVY AND RETURN EXECUTION.

An action by the assignee of a judgment under Rev. St. 1911, arts. 3776, 3777, to recover the amount thereof against the sheriff and the sureties on his official bond for refusal to levy and return such execution; accruing 90 days after the issuance of the execution, was barred by the five-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 109; Dec. Dig. ⬦22(8).]

3. LIMITATION OF ACTIONS ⬦111—SUSPENSION OF LIMITATION—INJUNCTION.

In such case the fact of a judgment enjoining the issuance and levying of an execution under the judgment assigned to plaintiff, entered after the issuance and return day of the execution, which did not restrain the assignee from proceeding against the sheriff for refusal to levy and return execution, and which only enjoined the levy of any execution then in the hands of the sheriff or the issuance and levy of any execution subsequent to the rendition thereof, did not interrupt the statute of limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 521; Dec. Dig. ⬦111.]

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. LIMITATION OF ACTIONS ☜192(3) — CONCEALMENT OF CAUSE OF ACTION — ALLEGATIONS.**

In such case allegations of an injunction against the issuance and levy of any execution under the judgment against the property of the judgment debtor, procured to mislead plaintiff to believe that he had no cause of action against the sheriff for failure to execute and return the execution issued on the judgment, without allegation as to what diligence he had used to discover the alleged fraud, or that it could not have been discovered by the exercise of ordinary diligence in time to save a proceeding from being barred by the statute, were insufficient to show any suspension of the statute of limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 701; Dec. Dig. ☜192(3).]

**5. LIMITATION OF ACTIONS ☜100(11)—FRAUD —DISCOVERY—LACHES.**

When the fraud relied upon to prevent the running of limitation is unknown to the injured party or is concealed, lapse of time will not be laches barring relief, unless such party has failed to use reasonable diligence to discover the fraud; and fraud prevents the running of the statute only until its discovery, or until by the exercise of reasonable care it might have been discovered.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 490; Dec. Dig. ☜100(11).]

**6. LIMITATION OF ACTIONS ☜111 — SUSPENSION—INJUNCTION.**

In a statutory action by the assignee of a judgment against the former sheriff and his sureties to recover the amount of a judgment for his refusal to levy and return execution, the action of the sheriff and his sureties in obtaining a judgment, perpetually enjoining plaintiff from any proceedings against the sheriff, suspended the running of the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 521; Dec. Dig. ☜111.]

**7. SHERIFFS AND CONSTABLES ☜159—REFUSAL TO LEVY AND RETURN—ACTION AGAINST SHERIFF—PLEADING.**

In such proceeding where plaintiff pleaded that the sheriff in a cross-action had obtained a perpetual injunction against any statutory proceeding on his official bond to recover the amount of the judgment, without alleging anything to relieve him of the legal effect of such injunction, the sheriff's general demurrer was properly sustained.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 372–382; Dec. Dig. ☜159.]

**8. APPEAL AND ERROR ☜736—ASSIGNMENT OF ERROR—FORM.**

An assignment of error in that the court erred in excusing the parties to go to try another case, and in dismissing without any opportunity to argue or to amend was not entitled to consideration because presenting two separate and unrelated questions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. ☜736.]

**9. APPEAL AND ERROR ☜742(1) — ASSIGNMENTS OF ERROR—FORM—RECORD.**

Such assignment of error was not entitled to consideration where it did not include a brief statement in substance of the proceedings or a part thereof contained in the record sufficient to explain and support the contention made as required by rule 31 for Courts of Civil Appeals (142 S. W. xiii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☜742(1).]

**10. APPEAL AND ERROR ☜236(2)—PRESENTATION OF QUESTIONS IN TRIAL COURT—REQUEST TO AMEND.**

If plaintiff desired to amend his motion against a sheriff before the court sustained the defendant's demurrer thereto, he should have requested the court's permission to amend, and upon refusal should have reserved a bill of exception thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1385; Dec. Dig. ☜236(2).]

**11. APPEAL AND ERROR ☜960(1)—SHERIFFS AND CONSTABLES ☜159 — SUMMARY REMEDIES—DISCRETION OF TRIAL COURT—RULING ON DEMURRER.**

The action of the trial court in sustaining a demurrer to appellant's motion against a sheriff and his sureties without hearing appellant's reply argument and in refusing to allow appellant to argue his exceptions to the special answer, was largely within its discretion, and would not be reviewed, where no abuse was shown by the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3834; Dec. Dig. ☜960(1); Sheriffs and Constables, Cent. Dig. §§ 372–382; Dec. Dig. ☜159.]

**12. APPEAL AND ERROR ☜742(1) — ASSIGNMENT OF ERROR — STATEMENT — RULE OF COURT.**

An assignment of error in that the trial court stopped appellant while he was reading his amended motion for a new trial and entered an order striking out and dismissing the motion, not supported by any statement required by rule 31 for Courts of Civil Appeals (142 S. W. xiii) was not entitled to consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☜742(1).]

**13. NEW TRIAL ☜154 — STRIKING OUT — ATTACK ON JUDGE.**

The trial court, while authorized to eliminate from a motion for a new trial, any irrelevant and scurrilous matter, was not authorized by reason of such matter to strike out the entire motion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 312, 313; Dec. Dig. ☜154.]

**14. APPEAL AND ERROR ☜1072 — HARMLESS ERROR—STRIKING OUT.**

Error in striking out and refusing to consider appellant's motion for a new trial was harmless, where the case went off on demurrers to appellant's petition or motion, and no motion for a new trial in the district court was essential to appellant's right to have that court's action reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4233½; Dec. Dig. ☜1072.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by H. D. Peck against Murphy & Bolanz, in which Herman Kruegel, assignee of the judgment for plaintiff, moved for a recovery of the amount thereof against J. Roll Johnson, as former sheriff, and the sureties on his official bond. Motion dismissed, and Kruegel appeals. Affirmed.

Herman Kruegel, of Dallas, in pro. per. Jeff Word, of Dallas, for appellee.

TALBOT, J. On the 28th day of April, 1914, the appellant, Herman Kruegel, filed a motion in the district court of Dallas county, Tex., against J. Roll Johnson, as former sher-

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

iff of said county, and John H. Gaston, John A. Crowdus, and C. H. Alexander, as sureties on the official bond of the said Johnson as such sheriff, to recover, under articles 3776 and 3777 of the Revised Statutes of 1911, $1,135.80, the amount of judgment rendered in the above-entitled cause in favor of H. D. Peck, and against Murphy & Bolanz, a firm composed of J. P. Murphy and Charles F. Bolanz. On May 21, 1914, the appellant filed an amended motion on which the case went to trial. This amended motion alleges, in substance, so far as is material to state, that the said J. Roll Johnson was on November 4, 1902, duly elected sheriff of Dallas county, Tex.; that he duly qualified as such sheriff by taking the oath of office and executing bond as required by law in the sum of $10,000, with the said John H. Gaston, John A. Crowdus, and C. H. Alexander as sureties thereon; that on October 22, 1895, there was duly rendered in the Forty-Fourth district court of Dallas county in the said cause of H. D. Peck v. Murphy & Bolanz, a judgment against J. P. Murphy, Charles F. Bolanz, and said Murphy & Bolanz, for the sum of $1,135.80, with costs and interest from said date; that no appeal had ever been taken from said judgment, that it had not been set aside or canceled, had never been paid or otherwise satisfied or released, and that H. D. Peck caused the first execution to be issued thereon in July, 1896; that in July, 1901, the said H. D. Peck for a valuable consideration assigned and transferred said judgment to the appellant herein, Herman Kruegel, and that said Kruegel is now and has been, ever since said assignment and transfer, the legal owner and holder of said judgment; that he caused said judgment to be abstracted and recorded in the Dallas county judgment record and had thereafter the second execution issued thereon and placed in the hands of the said J. Roll Johnson, one of the appellees herein, for levy upon and sale of property belonging to the judgment debtors; that said Johnson under an unlawful and corrupt conspiracy and collusion with the judgment debtors willfully and corruptly returned said second execution without making the levy thereon, marked, "no property found," when said debtors were solvent with sufficient property in sight subject to execution sale. The said motion further alleges that thereafter, on February 9, 1903, appellant, Kruegel, caused the third execution to be issued on said judgment and delivered the same to the said J. Roll Johnson, as sheriff of Dallas county, Tex., with instructions to levy the same upon a vacant lot, No. 3, block 4, Oakland Cemetery near Dallas, belonging to Chas. F. Bolanz, one of the judgment debtors, and subject to levy and execution sale; but that said Johnson, under and in furtherance of the aforesaid collusion and conspiracy, without legal cause and contrary to appellant's rights, with fraudulent and corrupt intent, willfully and

corruptly failed and refused to make a levy on said lot pointed out to him, or on any other property belonging to either of said judgment debtors, when he could have done so and made the money; that said Johnson under and in furtherance of the aforesaid collusion and conspiracy, without legal excuse or ground for not making the levy as aforesaid, and without legal right, failed to make return of said third execution to the clerk of the court that issued it. The prayer of the petition is, in substance, that the appellees be required to answer and show cause why they should not be ordered to pay to relator (appellant) the full amount of the said judgment with interest and costs, and that upon final hearing appellant, Kruegel, have judgment against said appellees for the amount of said judgment, interest, and costs. The appellees, on May 13, 1914, answered the motion of the said Kruegel by general and special demurrers and special answer. The general demurrer is in the usual form, asserting that appellant's motion showed no cause of action, and prayed judgment.

The first special demurrer is to the effect that appellant's motion or petition shows on its face that his cause of action, if any he ever had, is barred by the statutes of limitation.

In their answer on the facts they plead specially the statute of limitation in bar of appellant's right to recover; they deny that said judgment rendered against said Murphy & Bolanz, in favor of said Peck, was a valid subsisting judgment in force and effect in February, 1903, and allege that on September 8, 1898, said Murphy and said Bolanz filed their petition for adjudication in bankruptcy, in the United States District Court, and were adjudged bankrupts; that said Peck judgment was scheduled by them respectively as a liability against them, and that Peck proved up his said judgment against them in said court, and the same was allowed and established by said court, as a provable claim against them in favor of said Peck. That on June 8, 1899, said Murphy and said Bolanz were duly discharged of all their said debts by said court, and said Peck judgment was thereby discharged against them. They further aver, among other things we deem unnecessary to state, that on the 29th of December, 1903, said Bolanz and his wife and said Murphy filed in the Forty-Fourth district court of Dallas county, their petition against said Kruegel and said Peck, and against said Johnson, as sheriff of Dallas county, said cause being styled and numbered on the docket of said court, "Chas. F. Bolanz, et al. v. Herman Kruegel et al., No. 23151," in which suit said plaintiffs alleged, among other things, that in September, 1898, said J. P. Murphy and said Chas. F. Bolanz each, were on their own petition, adjudged bankrupt by the United States District Court at Dallas; and that

on June 8, 1899, they each received from said court their discharges in bankruptcy, discharging each of them from all debts and claims against them which existed on September 8, 1898. That in said bankruptcy proceedings, said judgment of said Peck was scheduled by them as part of their liabilities, and same was duly proved up by said Peck against them and allowed by the referee in bankruptcy, that the same was a provable claim against them in bankruptcy, etc.; and that they and each of them, and said firm of Murphy & Bolanz, had been released and discharged from all liability on said judgment thereby. That on November 23, 1904, said Forty-Fourth district court did render a judgment in said case, and among other matters did adjudge and decree that said J. P. Murphy and said Chas. F. Bolanz and said Murphy & Bolanz were discharged by their said bankruptcy from liability on said judgment of said Peck.

The appellant, Kruegel, by supplemental motion filed September 4, 1914, demurred generally and specially to appellee's answers, and in reply thereto admitted that J. P. Murphy and Chas. F. Bolanz each received a general discharge in bankruptcy from the federal court at Dallas, sitting in bankruptcy on or about the dates mentioned in appellees' answer, but denied that the firm of Murphy & Bolanz, ever received any such discharge. He further denied that the discharge received by the said J. P. Murphy and Chas. F. Bolanz released them or either of them, or the firm of Murphy & Bolanz, from liability on the Peck judgment. He alleges that the discharge the said J. P. Murphy and Charles F. Bolanz received released them only from such debts and liabilities as are not specially excepted by law from the operation of a discharge in bankruptcy, and that the Peck judgment is such a debt as is specially excepted by law from such discharge; "that said judgment claim was feloniously and corruptly created by the bankrupts J. P. Murphy and Charles F. Bolanz, on felonish fraud, having on or about July, 1893, as a firm of investment bankers, styled Murphy & Bolanz, in a fiduciary capacity feloniously misappropriated to themselves and embezzled said H. D. Peck's cash money held by them and to be by them loaned and invested in real estate loans and security for said Peck's sole use and benefit, on commission to be paid by the borrower of the money. And all under false and pretended temporary insolvency and a premeditated, prearranged and fraudulent business failure and deed of assignment dated July 25, 1893, to hinder, delay, deceive, cheat, and swindle their over 400 patrons," etc. Appellant, Kruegel, also admits the rendition of the judgment of the Forty-Fourth district court, rendered November 23, 1904, in case No. 23151 as pleaded by defendants adjudging that they were discharged in bankruptcy from said Peck

judgment, but avers in substance that said judgment was null and void: First, because the federal courts have exclusive jurisdiction over all bankruptcy matters; second, because at the time of the rendition of said judgment in case No. 23151, Judge Morgan was judge of said court and presided at the trial and judgment, and he, with a number of others, were creditors of said Murphy & Bolanz, and that he in a fraudulent arrangement with them was paid in full while Peck and the others got nothing and that he was thus disqualified to preside and that appellant protested to his presiding, etc.; third, because an inspection of the said judgment shows that appellant and the clerk of said court, H. W. Jones, and his successors in office, were enjoined and restrained from issuing or causing to be issued any other and further execution on said judgment, and said sheriff Johnson and his successors in office were enjoined from levying any execution on any property of said defendants, and that said Jones was therefore disqualified from performing any clerical duties in said suit, because he must have been a party to the suit. And therefore everything connected with said judgment was and is void.

He also further pleaded, as ground why limitation did not run against him, that by said judgment in No. 23151, he and the district clerk and his successors were perpetually enjoined from having issued and from issuing any execution on said Peck judgment and said Johnson, as sheriff and his successors were by said judgment perpetually enjoined from levying any execution issued thereon, "and thereby attempted to invalidate, repudiate, and confiscate said judgment and to show to the world that relator (Kruegel) had no such valid judgment as he claimed, and consequently no cause of action, and thereby concealed from Kruegel his cause of action or the fact that he had one, and misled him to believe that he had no cause of action against respondent Johnson, as sheriff; whether he was misled, or believed it, or not, it was sufficient if he could have thereby been misled to believe it;" and fraud and concealment of fraud and of cause of action, as well as injunction, suspends the running of the statute of limitation until the injunction is dissolved.

Appellant Kruegel further pleaded, in substance, that appellees, in November, 1905, by a cross-action filed in case No. 12634, Herman Kruegel v. Murphy & Bolanz et al., then pending in the Fourteenth district court of Dallas county, in a motion for penalty proceeding identical to this, recovered a judgment perpetually enjoining appellant from bringing, instigating, and prosecuting any more suits, motions, or proceedings against these appellees for the failure of appellee Johnson to execute and return the execution involved in this suit, and that by reason

of said judgment of the Forty-Fourth district court of November 23, 1904, in case No. 23151, and of said judgment of the Fourteenth district court in case No. 12634, defendants are estopped to plead limitation, and he pleads said judgments as a bar to the running of the statute of limitations.

On October 29, 1914, the case was called for trial, and the appellees' general and special exceptions to appellant's motion were presented and sustained, and said motion dismissed. Judgment was thereupon rendered that appellant, Kruegel, take nothing by his suit, and that appellees recover their costs. From this judgment, Kruegel appealed.

There are numerous assignments of error, but we shall not state and discuss them in detail. Neither of them, we think, is briefed as required by the rules prescribed by the Supreme Court for the preparation of cases for submission in this court. The principal questions arising on the appeal are: (1) Do appellant's pleadings show upon their face that the cause of action alleged was barred by the statute of limitation at the time the original motion of appellant was filed? (2) Were said pleadings obnoxious to a general demurrer on the ground that they showed no cause of action against appellees which appellant was entitled to maintain? The second of these questions at least is fundamental.

[1, 2] According to the allegations of appellant's amended motion the execution which the appellee Johnson, as sheriff of Dallas county, is charged with having failed to levy and return was issued on the 3d day of February, 1903, and the original motion charging him with a dereliction of duty in failing to do so was not filed until April 28, 1914. The period of limitation prescribed by our statute in a case of this character is 5 years. And an execution when issued and placed in the hands of an officer is returnable to the first day of the next term of the court, or in 30, 60, or 90 days, if so directed by the plaintiff, his agent or attorney. Vernon's Sayles' Texas Statute, art. 3730. If no return day is specified in the execution, it is returnable on the first day of the next term of the court from whence it is issued. Tillman v. McDonough, 2 Willson, Cas. Civ. Ct. App. § 52. The record does not disclose whether or not a return day was specified in the execution in question, but whether there was or was not is immaterial here. The longest time that could lawfully intervene between the issuance of appellant's execution and the date when it should be returned was 90 days, and considering that appellant's alleged cause of action accrued 90 days after the issuance of the execution, and that limitation began to run from that date, more than 10 years had elapsed before the filing of his motion herein, and any right of action he may have had by reason of the failure of appellee Johnson

to execute and return said execution was barred, unless the statute of limitation did not run because of some one or all of the matters alleged in avoidance of appellee's plea thereof.

[3] The matters alleged, as reasons why the statute of limitation did not run and could not be invoked as a bar to appellant's right of recovery, are: (1) That by a judgment rendered in the district court of Dallas county on November 23, 1904, in cause No. 23151, styled Charles F. Bolanz et al. v. Herman Kruegel et al., it was adjudged that J. P. Murphy and Charles F. Bolanz and the firm of Murphy & Bolanz were, by their discharges in bankruptcy, released and discharged from liability on the Peck judgment, and the issuance and levy of any execution under said judgment on the property of the said Murphy & Bolanz, or either of them, perpetually enjoined; (2) that an attempt was made by the procurement of said judgment to thereby invalidate, repudiate, and confiscate the Peck judgment, and to show that appellant, Kruegel, had no valid judgment against Murphy & Bolanz, as claimed by him, and consequently no cause of action against appellee Johnson, and thereby concealed from appellant, Kruegel, his cause of action, of the fact that he had one and misled him to believe that he had no cause of action against appellee Johnson as sheriff, and, whether he was misled, or believed it, or not, it was sufficient if he could have thereby been misled to believe it; and (3) that the appellees herein, on a cross-bill filed in cause No. 12634, styled Herman Kruegel v. Murphy & Bolanz et al., pending in the Fourteenth district court of Dallas county, a proceeding identical with the present one, recovered a judgment perpetually enjoining appellant from bringing and prosecuting any more suits, motions, or proceedings against them on the alleged cause of action in this suit. It is clear, we think, that neither the first nor the second foregoing matter alleged by the appellant was sufficient to prevent the operation and bar of the statute of limitation. The judgment enjoining the issuance and levy of execution under the Peck judgment was rendered, according to appellant's pleadings, long after the issuance and return day of the execution, which he charges appellee Johnson refused to levy and return, and in no sense restrained or attempted to restrain the appellant from proceeding against the said Johnson, under the articles of the statute upon which the present action is based, for the alleged failure on his part to levy and return said execution. Said judgment, according to appellant's allegations, had no other effect than to enjoin the levy of any execution which may have been in the hands of the appellee Johnson at the date of its rendition, and the issuance and levy of any execution subsequent to the rendition thereof. It did not therefore interrupt the running of the statute of lim-

itation and authorize the maintenance of this proceeding.

[4, 5] The allegations to the effect that said judgment was procured for the purpose and with the intent to show that appellant, Kruegel, had no valid judgment against Murphy & Bolanz and consequently no cause of action against appellee Johnson, and thereby concealed from appellant his cause of action, or the fact that he had one and misled him to believe that he had no cause of action against appellee, etc., are insufficient to show any legal reason why the statute of limitation did not commence and continue to run against appellant's alleged cause of action. If it can be said that the intent charged, and the manner of the alleged concealment of appellant's cause of action from him and its effect to mislead him as claimed, would, in any event, under requisite or necessary allegations, be sufficient to prevent the running of the statute of limitation until it was, or by the use of reasonable diligence might have been, discovered by him, still we think appellant has failed to make such allegations. It is a well-established rule of law that when the fraud relied upon to prevent the running of limitation is unknown to the injured party, or is concealed, lapse of time will not be laches which bars relief, unless such party has failed to use reasonable diligence to discover the fraud. But it is equally well settled in this state that fraud prevents the running of the statute of limitations only until the fraud is discovered, or until by the exercise of reasonable diligence it might have been discovered. Munson v. Hallowell, 26 Tex. 475, 84 Am. Dec. 582; Anding v. Perkins, 29 Tex. 348; Bremond v. McLean, 45 Tex. 10; Bass v. James, 83 Tex. 110, 18 S. W. 336; Boren v. Boren, 38 Tex. Civ. App. 139, 85 S. W. 48. It is not averred by the appellant when he discovered the alleged purpose and fraud of the appellee Johnson and others, in obtaining the judgment enjoining the issuance and levy of execution under the Peck judgment, or when he realized or discovered that he had been misled thereby to believe he had no cause of action against the said Johnson for failing to execute and return the execution issued on said Peck judgment in February, 1903. Nor does he allege what diligence he used to discover the alleged fraud or that it could not have been discovered by the exercise of reasonable diligence in time to have enabled him to institute this proceeding, before the bar of statute of limitation. His allegations of fraud and the alleged effect of the judgment restraining the issuance and levy of execution on the Peck judgment were not therefore sufficient to show that his alleged cause of action was not barred by the statute of limitation, and consequently that his motion did not disclose on its face that it was subject to appellee's plea of limitation by demurrer.

[6] We think, however, that the third matter mentioned above and alleged by the appellant in his supplemental motion was sufficient to show that appellee's special demurrer, asserting that it appeared from appellant's amended motion filed herein that his cause of action was barred by limitations, was not well taken. As has been seen, the matter alleged and here referred to was that the appellees had obtained, by a cross-action filed in the suit of the appellant, Herman Kruegel v. Murphy & Bolanz, No. 12634, then pending in the district court of Dallas county, Tex., a judgment perpetually enjoining and restraining him from thereafter bringing or prosecuting suit, motion, or proceeding against appellee Johnson for failing or refusing to levy and return the execution issued on the Peck judgment on the 3d day of February, 1903. The failure to levy that execution as directed by appellant and to make return thereof is the basis of the present proceeding, and the judgment rendered in the cross-action mentioned enjoining appellant from thereafter bringing or prosecuting any suit or proceeding against appellee Johnson for such failure or refusal was according to appellant's allegations, obtained in November, 1905. This was long before the time had expired under the statute of limitations, within which appellant was authorized to file a motion against appellee Johnson, under the articles of the statute hereinbefore referred to, to recover the penalty denounced in said statutes for the alleged failure to execute and return his said execution. He was entitled, so far as the question of limitations is concerned, to the full period of 5 years from the date his alleged cause of action accrued to institute a proceeding to recover said penalty, and as he was deprived of the greater portion of that time by the judgment restraining him from bringing and prosecuting such a proceeding, the running of limitation was thereby suspended, and his right, if any he otherwise had to maintain the same, was not barred.

[7] But the trial court, in addition to holding that appellant's cause of action was barred by the statute of limitations, held, in effect, in sustaining appellee's general demurrer, that appellant's pleadings were insufficient to show a cause of action, which he was entitled to maintain, and this ruling gives rise to the second principal question stated in the former part of this opinion, which we are called upon to decide. The trial court, as shown by conclusions of law filed, held that if appellant "was enjoined, as he pleads he was, then he has had no right to bring this action." Appellant complains of this holding of the court and says, in effect, and correctly so we think, that the same had reference to his plea that he had been enjoined from bringing any suit or proceeding based on his alleged cause of action. In this rule

of the court we think there was no error. The appellant pleaded, as we have seen, in substance, that the appellee Johnson in November, 1905, in a cross-action filed in an identical proceeding with the present one then pending in the Fourteenth district court of Dallas county, Tex., and styled Herman Kruegel v. Murphy & Bolanz et al., No. 12634, recovered a judgment in said court against appellant perpetually enjoining and restraining him from bringing and prosecuting any more suits, motions, or proceedings against appellee and the sureties on his official bond to recover, under articles 3776 and 3777 of the statute, the amount of the Peck judgment mentioned above for the failure on the part of the said Johnson to levy and return, as directed, the execution issued and placed in his hands under said judgment on February 3, 1903, and nothing is alleged to relieve appellant of the legal effect of said injunctive judgment. So far as the pleadings show said judgment restraining appellant from bringing and prosecuting a proceeding of the character now before this court against appellee and his sureties has never been appealed from or set aside, and is now, and was at the time this proceeding was instituted, in full force, and binding on appellant. It thus appearing by appellant's own pleadings that he had been enjoined by a judgment of a court of competent jurisdiction from bringing and prosecuting this action or proceeding, and it not appearing by appropriate allegations that said judgment had been appealed from or set aside and annulled, the general demurrer of appellees was by the trial court properly sustained.

[8, 9] It is assigned that:

"The court erred when respondent's counsel had closed his argument in support of respondent's [appellee's] general and special demurrers to relator's [appellant's] motion for penalty, and relator was about to make counter argument thereto and just begun, and as well argument in support of his own general and special demurrers to respondent's special answers, and then excusing the jury which had been impaneled and the parties in the case until next morning at 9 o'clock a. m. to go into trial of another case, and then next morning at 9 o'clock a. m., without giving relator an opportunity to be heard or say or argue anything in opposition to respondent's argument and demurrers and as well in support of his own demurrers to respondent's special answers, and in dismissing the case or motion thereon, and without even giving relator an opportunity to amend if he could amend his pleading if insufficient or defective in law."

This assignment of error is not entitled to consideration, because: (1) It presents two separate and unrelated questions; and (2) because there is not subjoined thereto, or to either of the propositions urged thereunder, a brief statement, in substance of such proceedings, or part thereof, contained in the record as is necessary and sufficient to explain and support the contention made, as is required by rule 31 (142 S. W. xiii), prescribed by the Supreme Court in regard to the briefing of cases for submission in this court. The substance of the bill of exceptions reserved to the action of the court here complained of, showing that such action was taken, should have been stated in support of the assignment and propositions thereunder, at least the page of the transcript where such a bill could be found should have been stated. Neither of these things was done. Indeed, there is no statement whatever in support of the propositions contended for. Appellant contents himself by simply stating that "none seems necessary."

[10] But, however, if we were disposed to consider the assignment of error, we are not prepared to say the same points not reversible error. We have discovered in the transcript, without the aid the rules require appellant to give us by his brief, a bill of exception purporting to have been taken and reserved to the action of the court here complained of; but neither the assignment of error nor the said bill of exceptions states that appellant asked leave before or after the court sustained appellee's exceptions to his motion and dismissed his case to amend his pleadings or that appellant desired to do so. If appellant desired to amend his motion after the court sustained appellee's demurrers thereto, he should have requested permission of the court to do so, and upon refusal of such request he should have reserved a bill of exception to such refusal and made it appear affirmatively thereby that such request had been made and refused. This the record fails to show he did.

[11] In reference to the complaint that the court sustained appellee's demurrers to appellant's motion without hearing a reply argument by appellant and refused to allow appellant to argue his exceptions to the special answer of appellees, it is sufficient to say that such action on the part of the court was largely discretionary, and affords no sufficient ground for a reversal of the case, unless it is made clearly to appear that he abused his discretion, to the prejudice of appellant. No such abuse appears by the record sent to this court. On the contrary, we think it appears that appellant has not been injured by the ruling of the court in these particulars. This is for the reason that appellant's pleadings showed, and the trial court so held, as hereinbefore pointed out, that appellees had procured in November, 1905, in a court of competent jurisdiction, a judgment which had not been set aside or annulled, enjoining and restraining appellant from bringing and prosecuting any suit or proceeding against appellee for his failure to execute and return the execution issued February 3, 1903, which alleged failure is the basis of this action.

[12] The appellant further asserts that the trial court stopped him while he was reading his amended motion for a new trial

herein and caused an order to be entered of record striking out and dismissing said motion, as a file paper in this suit. This action of the court is complained of and made the basis of appellant's fourth assignment of error. This assignment, however, like the one just discussed, is not entitled to consideration for the reason that neither it nor the propositions advanced under it is supported by the statement required by rule 31 promulgated by the Supreme Court for briefing cases for submission in the Courts of Civil Appeals. Neither the order claimed to have been entered dismissing the motion for a new trial nor a bill of exceptions reserved to the action of the court is copied or its substance stated in the brief in support of the assignment. Nor are we referred to the page of the transcript where such an order or bill of exceptions may be found. In fact no statement whatever in support of the assignment or any proposition under it is made.

[13, 14] We find, however, in going through the transcript, what purports to be an order dismissing appellant's motion for a new trial and what purports to be a bill of exceptions taken to such action of the court. In explanation of this bill of exceptions the trial court says, in effect, that appellant's said motion was dismissed because of appellant's cruel and wanton attack therein on Judge Morgan, formerly judge of the Forty-Fourth district court of Dallas county. If, however, we were disposed to waive the defective briefing of the assignment of error, we would not feel authorized to reverse the case because of the matter therein complained of, notwithstanding the court may have erred in striking out appellant's motion for a new trial. While the court was probably authorized to require the appellant to eliminate from said motion any irrelevant and scurrilous matter, he was not, we are inclined to think, authorized because thereof to strike out the entire motion. But if the court was not authorized to strike out and refuse to consider appellant's motion for a new trial, and if the ruling was properly presented by brief for review in this court, the action does not authorize a reversal of the case. The case went off on demurrers to appellant's petition or motion, and no motion for a new trial in the district court was essential to appellant's right to have that court's action reviewed on appeal. This being true he has suffered no material injury by the dismissal of said motion by the trial court, and that action can furnish no sufficient reason for a reversal.

The assignments of error that have not been mentioned are not entitled to be considered, because not briefed in accordance with the rules, or have been disposed of against appellant by what we have already said, or disclose no reversible error.

The judgment of the court below is affirmed.