**SMITH DETECTIVE AGENCY & NIGHT WATCH SERVICE v. TOWN OF HIGHLAND PARK.** (No. 10175.)

Court of Civil Appeals of Texas. Dallas. March 24, 1928.

Rehearing Denied April 21, 1928.

1. **Pleading** ☞387—**Plaintiff must recover on basis on which case was alleged in petition, though evidence supports other theories of recovery.**

Where plaintiff's case as alleged in its petition was based on an express contract in writing, the recovery, if any, must be on such basis alone, even though evidence supports either or both of theories of quantum meruit and doctrine of estoppel.

2. **Frauds, statute of** ☞103(3, 4)—**Limitation of actions** ☞24(2)—**Ordinance held to constitute acceptance of verbal proposal to install police and fire alarm system, and sufficient memorandum to satisfy statutes of fraud and limitation.**

Ordinance authorizing plaintiff to build and operate a police and night watch fire alarm box and clock system, when read in connection with surrounding facts, *held* to have constituted an acceptance by town of plaintiff's verbal proposal to install such system, and to constitute such a memorandum in writing as satisfies statute of frauds and also statute of limitations, entitling plaintiff to recover.

3. **Appeal and error** ☞747(2)—**Defense of limitations held not available on appeal, where overruling of exceptions to petition on such ground was not cross-assigned as error (Rev. St. 1925, art. 5540).**

Where defendant's exceptions to plaintiff's petition, on ground that it showed on its face that action was barred by four-year statute of limitations, were overruled, and such defense was invoked in no other way, and defendant filed no cross-assignment complaining of ruling of court on exceptions, under Rev. St. 1925, art. 5540, defendant cannot raise question of limitations.

4. **Municipal corporations** ☞122(4)—**Recitation in statement of facts that ordinance was introduced in evidence sufficiently showed legal adoption by council.**

In action against town to recover rentals for use of fire and police alarm system installed by plaintiff, recitation in statement of facts that plaintiff introduced in evidence city ordinance pertaining to such alarm system, which is set out as an exhibit, *held* to sufficiently show that purported ordinance was legally adopted by town council, since it could not be correctly denominated an ordinance unless adopted in manner and with formalities required by law.

Error from Dallas County Court at Law No. 2; W. M. Cramer, Judge.

Action by the Smith Detective Agency & Night Watch Service against the Town of Highland Park. Judgment for defendant on a directed verdict and plaintiff brings error. Reversed, and judgment rendered for plaintiff.

William H. Flippen, John T. Gano, and Tom Fletcher, all of Dallas, for plaintiff in error.

Henry P. Edwards, of Dallas, for defendant in error.

LOONEY, J. Smith Detective Agency & Night Watch Service, a corporation, sued the town of Highland Park for debt, and alleged that, by the terms of an express contract, it agreed to install and maintain a fire and police alarm system in said town, for the use of which appellee agreed to pay $2.50 per month for each box installed; that appellant installed the number of boxes required, to wit, 31 in number, put the system in operation; that appellee used and paid for the service for 9 months according to the agreed schedule, and also used and received the benefit of the service for 5 months and 12 days thereafter, but refused to pay rentals for the latter period, for the recovery of which this suit was brought.

The case was tried to a jury, and the judgment from which this appeal is prosecuted was rendered on a directed verdict for defendant.

[1] Appellant contends that it is entitled to recover on a quantum meruit, and also under the doctrine of estoppel, but we fail to find any basis whatever in its pleadings for either of these propositions. The case, as alleged in its original petition and trial amendment, is based on an express contract in writing; hence, if entitled to recover at all, the recovery must be on that basis alone, even though the evidence supports either or both of the other theories.

The evidence is undisputed, and we believe justifies the following conclusions:

George A. Smith, president of appellant company, on the invitation of Mr. Ford, police and fire commissioner of appellee, appeared before the city council, and verbally proposed to install a fire and police alarm system and maintain the same for a number of years, in consideration of the payment of a monthly rental of $2.50 per box. This proposition was accepted by the city council, and, as evidence of its acceptance, the council at that time adopted an ordinance, omitting the caption, is as follows:

"Be it ordained by the town council of the town of Highland Park:

"Section one. That the right, privilege and franchise be and the same is hereby granted to

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Smith Detective Agency and Night Watch Service and its assigns to build, erect, construct, maintain and operate a police and night watch fire alarm box and clock system in, on and over the streets, alleys, parks and viaducts of said city, and for such purpose to erect the necessary poles and string the necessary wires for the operation and maintenance of said system; provided that no poles shall be erected for the operation and maintenance of said system except in the alleys of said Highland Park; and provided further that the said Smith Detective Agency and Night Watch Service and its assigns shall repair, restore and replace all paving, sidewalks and streets which may be damaged or destroyed by the construction, maintenance or operation of said system, and shall hold said town of Highland Park harmless from any damage to private property.

"Section two. That the right, privilege and franchise herein given are granted for the term of ten (10) years from and after the passage thereof."

After the passage of this ordinance, appellant was directed to proceed with the installation of the system, which it did; 31 boxes in all were installed; the town hall and fire station of appellee, as well as appellant's office down town, were connected therewith. This service was properly maintained by appellant, and appellee used, received the benefit of, and paid for same for 9 months, according to the schedule agreed upon. It also used and received the benefit of the service during the succeeding 5 months and 12 days; that is to say, for the months of October, November, and December, 1920, January and February and to March 12, 1921, but refused to pay any rentals for the latter period.

[2] The question for us is, Do these facts entitle plaintiff to recover? We think this should be answered in the affirmative.

While it is true the ordinance, standing alone, is simply the grant of a franchise to appellant to install, maintain, and operate in the town a police and fire alarm system, but, read in connection with the facts that constitute its setting, it constitutes appellee's acceptance of appellant's verbal proposal. There is nothing in the record to indicate that any use of the franchise could have been made other than to aid appellee in the maintenance and operation of its police and fire departments; in fact, this purpose is clearly indicated by the language of the grant, viz.:

" * * * To build, erect, construct, maintain and operate a police and night watch fire alarm box and clock system in, on and over the streets, alleys, parks and viaducts of said city."

In the case of Texas Western Railway Co. v. Gentry, 69 Tex. 625, 631, 632, 8 S. W. 98, the doctrine was announced that a resolution adopted by the lawfully constituted governing body of a corporation, if intended as the completion of a contract, constitutes such a memorandum in writing as satisfies the statute of frauds and also the statute of limitations. Also see Republic Supply Co. v. Waggoner (Tex. Civ. App.) 283 S. W. 537. This doctrine applies to the action of commissioner's courts (see Gano v. Palo Pinto County, 71 Tex. 99, 102, 8 S. W. 635), and on principal no reason appears why it is not equally applicable to the action of governing bodies of cities and towns.

[3] Appellee contends, however—in fact, it is its chief contention—that appellant's cause of action was barred by the four-year statute of limitation. In view of the status of the pleading, appellee is in no position to raise this question. In the court below, appellee excepted to appellant's petition on the ground that it showed on its face the cause of action was barred by the four-year statute, but this defense was invoked in no other way. These exceptions were overruled, appellee filed no cross-assignment complaining of the ruling of the court on exceptions; hence that matter is not before us for revision. As presented to us, there is no basis whatever in the pleading for the defense of limitation.

Article 5540 (5706) (3371) (3220), R. S. 1925, reads:

"The law of limitation shall not be available in any suit unless it be specifically set forth by the party who in his answer invokes it as a defense."

[4] Appellee also argues that it was not shown that the purported ordinance was ever legally adopted by the town council. The statement of facts contains this recitation, viz.:

"Plaintiff introduced in evidence the city ordinance of Highland Park pertaining to this alarm system, which is set out at the end of the oral testimony, marked 'Plaintiff's Exhibit No. 1.'"

This recitation in our opinion is a sufficient answer to the argument. The document is described as "the city ordinance of Highland Park." It could not be correctly denominated an ordinance unless it had been adopted in the manner and with the formalities required by law.

We are of the opinion, therefore, that appellant made out its case; that the court below erred in directing a verdict for appellee. Accordingly, judgment will be here rendered for appellant for the amount prayed for, to wit, $340.88, with 6 per cent. interest per annum thereon from the 12th day of March, 1921, and all costs of this court and the court below, to be paid from any funds, or made from any property, of said city that may be lawfully applied or subjected to such purpose.

Reversed and rendered.