## PARMER COUNTY v. SMITH.
### No. 3749.

Court of Civil Appeals of Texas. Amarillo.
March 2, 1932.

Rehearing Denied April 6, 1932.

W. H. Russell, of Hereford, and J. D. Thomas, of Farwell, for appellant.

Underwood & Strickland, of Amarillo, for appellee.

HALL, C. J.

The appellee Smith, an architect, sued appellant county alleging, in substance, that he was employed by the county October 17, 1928, to make plans and specifications for the erection of a jail. That by the terms of the contract he was to be paid five per cent. of the cost of the building, three per cent. of said amount being payable as soon as plans were completed and bids received; his compensation to be based upon the contract price as evidenced by the bids. That it was understood that the commissioners' court would advertise for bids as soon as practicable after the completion of the plans, and that bids would be submitted for the erection of the jail on or about December 10, 1928, at which time plaintiff's fee for services would have accrued.

He further alleges that about the 10th of November, 1928, a temporary restraining order was issued by a court of competent jurisdiction, commanding the commissioners' court to "desist and refrain from making any further order, decree or contract, in or about or pertaining to building a new jail, in Parmer County or accepting any bid or bids for such work until the further order of the 69th District Court, to be holden in Parmer County on the second Monday in January, 1929, when and where this writ is returnable."

He further alleged that on or about the 15th day of January, 1929, the suit in which the temporary restraining order was issued was dismissed, when it became the ministerial duty of the commissioners' court to carry out the terms of the contract with him and to sign the written agreement theretofore tendered by plaintiff, which evidenced in writing the oral contract of October 17, 1928. That said commissioners' court failed and refused to advertise for bids after the dismissal of the injunction suit; otherwise bids could

884

have been received for the erection of the jail on or about the 15th day of February, 1929, at which time plaintiff would have been entitled to compensation for his services.

The county answered, and, in addition to a general demurrer, special exceptions, and a general denial, pleaded that the plaintiff was informed at the time he talked of drawing plans and specifications that the county seat might be moved from Farwell as the result of a county seat election then pending, or that the court might be enjoined. That plaintiff told the court that he would take a chance, and upon that condition he was informed by the court to go ahead, but if the county seat should be moved, or the court enjoined from building the jail, they would owe him nothing.

Defendant further alleged that the injunction was issued about November 10th, restraining the commissioners' court, and that on the 11th the commissioners' court entered an order on its minutes reciting that the court would take no further action of any kind looking to the erection of a new jail.

Upon the conclusion of the evidence, the trial court instructed the jury to return a verdict in plaintiff's favor for three per cent. of the estimated value of the cost of the jail, and judgment was accordingly entered for $791.82.

Appellant county assigns the action of the court in peremptorily instructing the jury as error, especially in instructing a verdict for the sum of $791.82.

This is the only assignment which has been briefed. As germane to the assignment, appellant urges the propositions as follows: (1) That when all of the evidence shows that the plaintiff's claim is barred by the two-year statute of limitations, and defendant specially pleads limitations, the instruction should have been to return a verdict for the defendant. (2) A contract which is not entirely in writing as required is an oral or verbal contract. (3) Where there were issues of fact, they should have been submitted to the jury.

As counter propositions, the appellee insists: (1) That in determining the issue of limitation, the period during which the temporary injunction was in force should be deducted from the statutory period. (2) When all the evidence shows that the contract was evidenced by memoranda, the statutory two years' period of limitation does not apply. (3) When the terms of a contract are reduced to writing by one party and presented to the other, who, although not signing, does not object to the contract as written, and work is done under the contract as written, it results in a contract in writing, a suit upon which is not barred for four years. (4) Where it is admitted that a contract which is the basis of a suit was made and the evidence is conclusive that two years from said date

have not elapsed from the time it became enforceable, it is immaterial whether the contract is oral or in writing, and there is no issue to submit to the jury.

The evidence shows that the commissioners' court contemplated erecting a new jail at Farwell, in Parmer county, and, after conferring with several architects, entered upon its minutes the following two orders:

"Jail Building.

"On motion by C. E. Christian and seconded by R. L. Bledsoe that the Commissioners' Court select plans and make contract and erect a new jail building for Parmer County; —Christian voting yes;—Bledsoe voting yes.

"J. Roy Smith.

"On motion by C. E. Christian and seconded by R. L. Bledsoe to employ J. Roy Smith as architect to furnish plans on new jail building,—carried by the following vote: C. E. Christian voting yes;—R. L. Bledsoe voting yes;—Nat Jones voting yes;—J. A. Richards voting no."

These orders were entered October 17, 1928, and, while it is not shown by the record, it seems to be conceded that the minutes were properly signed. Evidence was introduced showing that the court adjourned after 6 o'clock on that date. That the appellee Smith, who resided at Amarillo, was instructed to draw up writing embodying the terms of the contract which had been orally made with the county, acting through the court, and to return two copies thereof to the county judge for inspection and approval by the court. These copies reached the county judge within two or three days. On November 10th thereafter, a preliminary injunction was issued by the district judge of Potter county, and was served upon the county judge of Parmer county on Saturday, November 10th, and upon the three commissioners on Monday, November 12, 1928. Smith testified that he completed the plans and specifications on November 13th, and they were sent to the county judge of Parmer county, reaching him on November 15th, after the restraining order hereinbefore set out had been served upon the members of the commissioners' court. This suit was filed January 14, 1931, in Potter county, and, upon plea of privilege, was transferred to Parmer county.

■ We will not undertake to dispose of the various contentions in the order in which they are presented in the briefs of counsel. We do not know upon what theory the trial judge instructed a verdict, but, if it can be upheld upon any theory supported by the record, it is the duty of this court to affirm it.

During the trial the appellant's counsel, in open court, made the follow admissions and stipulations:

"We agree that if the plaintiff is entitled to recover, he is entitled to recover the three per cent of $26,394.00,—three per cent of that amount."

"We will agree that they did not move the county-seat."

"We will agree with the plaintiff that he did prepare plans and specifications in conformity with the verbal agreement he had with the Commissioners' Court of Parmer County and that the plans and specifications were sufficient and that he would be entitled to recover the three per cent on the amount sued for,—if he is entitled to recover at all."

"The defendant will agree that the plaintiff is entitled to recover the three per cent of $26,394.00, if he is entitled to recover at all,— and that he did prepare plans and specifications for the erection of a new jail building in Parmer County in conformity with the kind of a contract plaintiff had with the Commissioners' Court of Parmer County, but defendant is not agreeing that he (the plaintiff) had a written contract."

These statements by appellant's counsel are not an admission that the written contract, which was prepared by Smith and mailed to Judge Lokey a day or two after the contract was made on October 17th, correctly set out the terms of the oral agreement between the parties. As to what the oral contract really was, and upon what conditions Smith was to be compensated, the evidence was sharply conflicting.

■ The rule is that a written contract is not complete until signed or accepted and acted upon by the party not signing it. Benson v. Ashford (Tex. Civ. App.) 189 S. W. 1093.

■ So far as the record shows, the contract, as evidenced by the writing which Smith prepared, was never accepted by the commissioners' court nor acted upon by the county. In fact, an order was entered immediately after the injunction was served, that no action should be taken by the court. The orders entered upon the minutes of the court on October 17th are simply evidence that Smith was employed as architect to furnish plans for the jail which the court then contemplated building. The amount of Smith's compensation, when it should be paid, when his services should be performed, and the condition or conditions precedent to payment, were not mentioned therein.

It is said in Smith Detective Agency & Night Watch Service v. Town of. Highland Park (Tex. Civ. App.) 5 S.W.(2d) 598, 599: "In the case of Texas Western Ry. Co. v. Gentry, 69 Tex. 625, 631, 632, 8 S. W. 98, the doctrine was announced that a resolution adopted by the lawfully constituted governing body of a corporation, if intended as the completion of a contract, constitutes such a memorandum in writing as satisfies the statute of frauds and also the statute of limitations."

The fact that these details were, by agreement of the parties, to be thereafter embodied in a written contract to be prepared by Smith, and were not incorporated into the order entered upon the minutes, shows that it was not intended by the court or Smith that such orders should evidence a completed contract. The result is that the entire contract was partly in writing and partly in parol. This being true, it is in legal effect a parol contract, and must be so construed. Harrison Building Co. v. B. F. Dittmar Co. (Tex. Civ. App.) 4 S.W.(2d) 1038, 1040; 13 C. J. 246, § 13.

■ Considered alone, the orders appearing upon the minutes are too indefinite and uncertain to constitute a valid contract. 10 Tex. Jur. 175. But as held in Mecom v. Ford et al., 113 Tex. 109, 252 S. W. 491, and authorities therein cited, parol evidence was properly admitted to show the real contract, provided such evidence did not vary or contradict the written orders. Brooks v. Frio County (Tex. Civ. App.) 28 S.W.(2d) 1107.

Under the rules above stated, we must conclude that the contract upon which this action is based is oral and not written; therefore the two years' statute of limitation applies.

■ From a careful perusal of the statement of facts, in the light of the issues made by the pleadings, we are convinced that there was error in directing a verdict. Both Lokey and Smith testified as to the agreement between them with reference to the stipulation appearing in the written contract prepared by. Smith providing that the latter should be employed as architect for two years. Neither of the county commissioners heard, understood, or agreed to any such stipulation. In order to bind the county, the commissioners must act as a court, and not as individuals. Smith testified that there was nothing in the agreement to the effect that, if the commissioners' court should be enjoined from building the jail, he would not be entitled to compensation. Upon this point he is contradicted by Lokey and by Commissioner Jones, so there was an issue as to whether Smith should be entitled to recover at all, even if his action had not been barred by limitation of two years. Rev. St. 1925, art. 5526.

From the record before us, it is uncertain when Smith's action to recover compensation if, in fact, he was entitled to recover, accrued. From the briefs of the parties and a stipulation appearing in the statement of facts, it appears that the district judge of Potter county had issued a temporary restraining order upon presentation to him of a petition signed by some one, which prohibited the commissioners' court from making any orders or proceeding further looking to the erection of a new jail for Parmer county. We do not know who were the plaintiffs in this proceeding; it is not shown that there was a hearing upon the application, or that an

answer was ever filed, and no part of the record of the injunction proceedings appears in the record before us. The only inference to be drawn from the record with reference to that matter is that the court's fiat is simply a temporary restraining order. This would have the effect only of maintaining the status quo with regard to the matter in controversy, and does not determine the rights of the respective parties to the action asserted by the applicants or the defendants. James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959. It does not appear that there was ever a hearing, or that any court ever granted a temporary injunction, but that the whole case was dismissed in the following January. The contention of appellee is that the effect of this restraining order was to suspend the statute of limitations in his favor, and, during the pendency of the suit, relieved him of the obligation of filing suit to recover his compensation. We cannot assent to this proposition.

As said in 32 C. J. 375, § 636: "As a general rule no preliminary injunction can be awarded against persons who are not parties to the suit and the rights of persons not parties are not affected thereby, except to the extent that certain classes of persons, such as agents and servants, attorneys, privies, aiders or abetters and persons adequately represented in the suit, may by their acts render themselves amenable to punishment as for a contempt of court."

So far as the record shows, Smith was not a party to the injunction proceeding; and, while it may be admitted that the fiat of the district judge restraining the court from making any further "orders" would prevent the commissioners' court from ordering the payment of his compensation to Smith, it could not be held that its effect would preclude him from filing suit to recover his compensation as soon as it accrued. 2 High on Injunctions (4th Ed.) § 1440.

The fiat of the judge was not introduced in evidence, and there is some doubt as to its language; but if Smith's right to compensation had accrued and was matured when he furnished plans and specifications as he contends, the agreed order as appearing in the record would not prevent him from instituting suit to recover the amount of compensation due him under a contract made before any injunction to which he was not a party had ever issued. On account of the meager and incomplete condition of the record with reference to this phase of the case, we are not prepared to hold that Smith's action was barred, and we do not definitely decide that question. Davis v. Andrews, 88 Tex. 524, 30 S. W. 432, 32 S. W. 513; Peck v. Murphy & Bolanz (Tex. Civ. App.) 184 S. W. 542.

Since the evidence does not show conclusively that plaintiff's claim was barred by the statute of limitations of two years, the court would not have been warranted in instructing a verdict for the defendant.

For the reasons above stated, the judgment is reversed and the cause is remanded.