FAYETTE COUNTY v. C. D. KRAUSE, ET AL.

Decided March 10, 1903.

1.—Counties—Contracts of—Commissioners Court.

Contracts made by a county, in order to be valid and binding, must be made by or under authority of an order of the county commissioners court.

2.—Same—Sewer Connection.

Where the individual members of the commissioners court gave their verbal consent, while the court was in session, that defendants might connect their private sewers with a sewer owned by the county, but no order to that effect was made or entered, the commissioners saying no order was necessary, the county was not bound thereby.

3.—Same—Authority Not Implied.

An order of the commissioners court empowering a committee to purchase the material for and construct a sewer from the county courthouse does not, by implication, confer authority upon the committee to agree that citizens owning property on the street in which the sewer is to be constructed shall have the right to connect their private sewers therewith.

4.—Same—Ratification by County.

Nor is such agreement by the committee ratified by the action of the commissioners court in approving the work of the committee, accepting the sewer, and paying for it on the committee's report, where such agreement was not contained in the report nor brought to the attention of the court.

5.—Same—Permit—Consideration.

Where the commissioners court, without consideration therefor, gives permission to individuals to connect with a county sewer, this is merely a license which may be revoked at any time.

6.—Same—Injunction.

Injunction will lie at the suit of a county to prevent connection with and use of a county sewer by a party not entitled to such privilege.

Appeal from the District Court of Fayette. Tried below before Hon. L. W. Moore.

*Robson & Duncan,* for appellant.

*Brown, Lane & Garwood* and *Wolters, Lane & Lenert,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—In 1886 the county of Fayette constructed a sewer from its courthouse and jail in the city of La Grange along Washington street in said city to the Colorado River. Appellees are the owners of business property in La Grange adjacent to Washington street, upon which they have constructed a private system of sewerage, and are claiming the right to connect same with the sewer owned by appellant. This suit was brought by appellant to enjoin the appellees from making such connection, and from injuring or using the sewer of appellant without its consent. The petition alleges that defendants had wrongfully and in open disregard of plaintiff's rights and without its consent, and with intent to appropriate the same to their own use, dug away the earth therefrom and had broken and injured

plaintiff's sewer. The defendants answered by general denial and plea of not guilty, and specially pleaded, "That they had the right to connect their private sewer with and make use of appellant's sewer by virtue of an agreement made and entered into at the time of the construction of appellant's sewer, by and between the city of La Grange, then an incorporated city under the laws of Texas, and Fayette County (the plaintiff), whereby the city of La Grange and the citizens of said city, in consideration of the privilege granted appellant to lay its sewer in and through the streets of said city, have the right, whenever they see fit, to connect their sewers with and use appellant's sewer, it having been ascertained that its capacity would be more than sufficient to accommodate the entire population of the city of La Grange, and that the increased use would be of benefit to the same and to all parties concerned; that upon such understanding and agreement appellant's sewer was constructed; and that the town of La Grange by reason thereof now has the right to connect a system of sewerage of its own with that of appellant, and that each individual citizen in the town of La Grange, if he sees fit to incur the expense necessary to make connection therewith, has such right; that appellees are citizens of the town of La Grange and owners of property located on block 23 which abuts upon Washington street in said city, the street in which appellant's sewer is laid. That appellees not only have the right to construct, operate and connect the sewer complained of by appellant by reason of the said agreement, but that they have the special right to do so, accorded them by plaintiff, acting through its Commissioners Court, at a session of said court held in the courthouse of La Grange during the month of June, 1900."

The cause was tried by the court below without a jury, and judgment rendered in favor of the defendants, from which judgment the county of Fayette prosecutes this appeal. The trial court filed the following findings of fact:

"1. I find that the courthouse of Fayette County, Texas, is situated on the public square of the city of La Grange, in said Fayette County, Texas; that the county jail of said county is situated on block No. 33 of said city, which abuts on the south side of the public square, and that the defendants own property on block No. 23 of said city, which abuts on the east side of Washington street and the public square of said city.

"2. I find that on the 16th day of May, 1885, the Commissioners Court of Fayette County, Texas, by an order, duly entered upon the minutes of said court, appointed a committee, consisting of W. H. Ledbetter, W. W. Little, R. T. Bradshaw, H. Studeman, W. M. Chandler and Joseph Ehlinger, to ascertain the advisability and necessity of building an underground sewer from the county jail to the Colorado River, for the purpose of draining the excrement of the jail; to ascertain the probable cost, and report to the Commissioners Court. They reported at the June term, 1885, that this sewer was necessary, and should be

constructed, and that it should be laid on the east side of Main street to the river, with eight-inch pipe, the distance being 3600 feet. This report was adopted by the Commissioners Court, and W. W. Little, R. T. Bradshaw, M. J. Connell, W. H. Ledbetter, W. M. Chandler and Joseph Ehlinger were, by an order duly entered of record, appointed a committee to procure the necessary material and to construct said underground sewer aforesaid. Said committee was invested only with the power to contract for and purchase in the name of the county, all necessary fixtures and material for all necessary labor for the construction and completion of a sewer from the county jail to the river, and on completion of the sewer to make their report, accompanied by an account of the material and labor expended. This committee found it impossible to construct the sewer on Main street, because they could not obtain permission to cross the property of one of the citizens of La Grange, which was necessary if the sewer was built on that route; and after consulting with a capable engineer, Mr. Lynch, and in order to secure the right of way and permission of citizens of the town of La Grange to lay sewer, determined that it would be more convenient for the citizens of the town that the sewer be built on Washington street, which is one street east of Main street, and is more centrally located in the town; and that instead of using eight-inch pipe they would use ten-inch pipe. At that time it was understood and mutually agreed by the then Commissioners Court and the town of La Grange, but no order to that effect by either the city of La Grange or commissioners was ever entered of record [or] any vote taken by either, that said sewer should be built down Washington street out of ten-inch pipe, so that citizens who wished to do so, including those on Washington street, might join their private sewers thereto, the said Lynch advising this course, as making the system more efficient, without injury to the county; and accordingly the said sewer was built by Fayette County on the changed route, and according to the changed plan. The cost of the construction of this sewer as built was about $2500, and its length was about 4000 feet. There was no other order entered of record by the Commissioners Court adopting these changes, but the same was done by the concurrent agreement of said Commissioners Court and the town council of La Grange, acting through the said committee and the members of the board of aldermen thereon. On this last mentioned committee was W. W. Little, who was one of the commissioners of the then Commissioners Court; W. W. Chandler, who was mayor of the city of La Grange, and M. J. Connell and W. H. Ledbetter, who were aldermen of said city, and as such represented the said city in said contract and on said committee. I also find that the then Commissioners Court approved the work of the committee, accepted the sewer, and paid for it upon report of the committee.

"3. I find that since the building of the sewer the Commisioners Court of Fayette County has connected the courthouse with the sewer,

and has also given various parties, citizens of La Grange, permission to connect their private sewers with said sewer, some of them by orders duly entered on the minutes of said court, and others by mere verbal permission.

"4. I find that the defendants, about June, 1900, obtained the permission of the Commissioners Court to connect their private sewer from the rear of their properties, which front on Washington street, and on the east side of the public square, in said city, with the county sewer as laid in Washington street. There was no order entered on the minutes of the Commissioners Court authorizing it; there was no motion made nor vote taken; but the individual members of the court, except one, while the court was in session, gave their consent, and said at the time that it was not necessary to enter the order on the minutes of the court.

"5. I find that the building of this private sewer by these defendants was delayed from time to time, from various causes, until the district judge, on application for an injunction, restraining them from further use of their private privies, as being dangerous to the health and comfort of the town of La Grange. They began anew their purpose, which was never abandoned, to connect a system of sewerage with said county sewer, in Washington street; procured all necessary materials, dug their trench from their properties to the pipe of said sewer in Washington street, and laid a part of their pipe and connected with said sewer in Washington street before this suit was filed.

"6. I find that these connections by the various parties, including these defendants, created no injury to the sewer of the county, but was a positive benefit, as affording a greater and more constant flush, and in no manner overtaxes the capacity of said sewer, of which at the time if its building it was contemplated this use would be made.

"7. That neither the city of La Grange, nor any citizen thereof, has paid anything toward the construction of said sewer or its maintenance."

Under appropriate assignments the appellant contends that upon the facts found by the court judgment should have been rendered for the plaintiff. We think this contention is sound. The sewer in controversy was constructed and paid for by the appellant, and is the property of the county in its corporate capacity, just as is the county jail or courthouse. No understanding or agreement entered into between the members of the committee appointed by the county to contract for and superintend the construction of said sewer would be binding upon the county unless said committee was authorized by the county to make the same, or the county, with knowledge of the terms of said agreement, ratified it after it was made. The court finds that one of the members of this committee was a member of the Commissioners Court and three of the committee were members of the city council, and that by the concurrent agreement of the Commissioners Court and the city council,

acting through said committee, it was mutually agreed that the city of La Grange, or the residents of said city, could connect their private sewers with said county sewer. There is no finding that this committee was authorized by the Commissioners Court or the city council to make such an agreement, or that the agreement was ever ratified by either the court or the council. On the contrary, it affirmatively appears that the committee was only authorized to contract for and purchase, in the name of the county, the necessary material and labor for the construction of a sewer from the county jail to the river and upon completion of same to make their report, accompanied by an account of the material and labor expended, and that no order authorizing or ratifying the understanding and agreement of the committee as to the use of the sewer by the citizens of La Grange was ever made by the Commissioners Court or the city council, and no vote was ever taken by either of said bodies upon the subject of such agreement. The finding that the Commissioners Court approved the work of the committee, accepted the sewer and paid for it upon the report of the committee, is not a finding that the court ratified the alleged agreement made by the committee with the city of La Grange, because it is not found that said agreement was contained in the report of the committee, nor was it in any way brought to the knowledge of the court. The fact that citizens of La Grange who had heretofore connected their private sewers with the county sewer had been granted permission by the Commissioners Court to make such connection shows that the county has never acquiesced in any claim of right on the part of such citizens to use its sewer without its consent. The verbal permission given appellees by the members of the Commissioners Court to connect their sewer with the county sewer was not the act of the Commissioners Court in any legal or binding sense. Had the court, by a proper order regularly entered, granted such permission, such grant, being without consideration, would have been a mere license which might have been revoked at any time. It may be stated as a general rule that contracts or agreements made by a municipal corporation either county or city is only valid or binding when made by or under the authority of a resolution or order duly passed at a meeting of the legislative body of such municipality and entered upon the minutes of such meeting. Bryan v. Page, 51 Texas, 534; Brown v. Ruse, 67 Texas, 318; Wagner v. Porter, 56 S. W. Rep., 560.

The later decisions of our Supreme Court have modified this rule to the extent that where an order of a commissioners court is shown to have been actually made by such court, and has been acted upon, the omission of the clerk to record such order will not render the order or acts done in pursuance thereof void. Brown v. Ruse, 69 Texas, 589; Ewing v. Duncan, 81 Texas, 255.

In the case cited from the 69 Texas, the commissioners court had, as required by the statute, audited and approved a school voucher issued to the plaintiff Ruse by the county superintendent, and the county judge

had indorsed the approval of the court upon said voucher, but no order of approval of same appeared in the minutes of the court. At a succeeding term of the court an order was entered reciting the previous approval of the voucher by the court, but directed that no draft should issue for same. This order was made without the knowledge of Ruse. In a suit by Ruse for mandamus to compel the issuance of a warrant for the amount due him as evidenced by said approved voucher, the Supreme Court held that, "the written evidence made under the direction of the court and in part properly entered on its minutes is sufficient to show that the claim was approved at the date of indorsement made on same, and no subsequent action of the court had without notice to appellee (Ruse) could affect his right, if this could have been done at all after the close of the term at which the claim was allowed."

In Ewing v. Duncan, it is held that the failure to enter of record an order for an election made by a commisioners court will not render void the election held in pursuance of such order. Whatever may be the extent to which these decisions modify the rule as to the necessity for the entry in the minutes of orders made by a commissioners court, they in no way modify the rule that all contracts made by a county, to be valid and binding, must be made by or under authority of an order of the commissioners court.

It is urged by the appellees that the order of the Commissioners Court authorizing the committee to construct the sewer carried with it the implied authority on the part of such committee to make any agreement necessary to the accomplishment of the work they were expressly authorized to do, and that said committee were thereby authorized to agree for the county in consideration of the permission given by the city of La Grange and the citizens living on Washington street in said city to the county to lay the sewer on said street that such citizens should have the right to connect their private sewers with said county sewer. The facts found do not show that the city of La Grange or any of the citizens of said city sustained any damage by the construction of the sewer, or surrendered any claim which they were asserting to any probable damage that might be caused by its construction. But conceding that this was the consideration for the alleged agreement, the committee had no express authority to bind the county by such agreement, and we think it clear that such authority can not be implied from the authority given them to purchase the necessary materials and construct the sewer. The right of the county to the absolute and exclusive possession and control of property owned by it is a valuable right, and the surrender of such right will not be implied except from acts clearly indicating such intention. It may be that no injury to the sewer would result from its use by the citizens of La Grange, and the refusal of the Commissioners Court to grant permission to the appellees to connect with same is an unreasonable and arbitrary exercise of the power of that court, but they are the exclusive judges of the propriety of allowing

such connections to be made. As the representatives of the county they have the exclusive right to the possession and control of said sewer, and are entitled to the protection of the courts in the exercise of such rights. We are of opinion that the judgment of the court below should be reversed and judgment here rendered in favor of appellant, granting the injunction prayed for, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.