## ORANGE COUNTY v. HOGG et al.
### (No. 1186.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 18, 1925. Rehearing Denied Feb. 25, 1925.)

1. **Highways** &#xe29d;113(4) — **Under contract to haul and distribute shell over road, competent to show uniform distribution was contemplated.**

Under contract to haul and distribute a certain quantity of shell over 4 miles of county's road for a certain sum payable on engineer's estimates and based on given schedule providing a different amount per cubic yard for each mile, it is competent to plead and prove that at its execution the parties contemplated distribution should be equal and uniform throughout the 4 miles.

2. **Highways** &#xe29d;113(2)—**Change of road contract by one commissioner not expressly authorized by commissioners' court not binding on county.**

Commissioners' court of county, acting as a body, alone has authority to make a contract for covering roads, though so acting it can appoint an agent to contract for it, so that change in such a contract by one of the commissioners, not shown to have been authorized by such court, does not bind the county.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Action by W. R. Hogg and another against Orange County. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Holland & Holland and R. Lee Davis, all of Orange, for appellant.

Adams & Bruce, of Orange, for appellees.

HIGHTOWER, C. J. This controversy grew out of the following facts:

In November, 1920, the appellees, Hogg and Lewis, and appellant, Orange county, made a written contract, under the terms of which the appellees agreed to haul and distribute 8,000 cubic yards of shell over 4 miles of one of appellant's public roads. It was expressed in the contract that the work was to be done for a total consideration of $16,250—

"payable on the engineer's estimates, and based on the following schedule of prices: Hauling to begin at Third street wharf. Third mile haul, $1.52 per cubic yard; fourth mile haul, $1.82 per cubic yard; fifth mile haul, $2.19 per cubic yard; sixth mile haul, $2.47 per cubic yard. Two hundred and fifty dollars additional to be paid upon completion of last mile."

It was also expressly provided in the contract that the work was to be done under the supervision of appellant's engineer and in the manner directed by him.

The written contract did not expressly provide as to the distribution of the shell, that is to say, it was not expressed in the contract whether or not the shell was to be equally and uniformly distributed throughout the entire 4 miles of road, but the contract was silent on this point.

Appellees alleged, in substance, the following facts: That they had complied in full with their part of the contract as written by hauling and distributing the 8,000 cubic yards of shell over the four miles of road in the manner and as directed by appellant's engineer; that it was contemplated by the parties to the contract at the time of its execution that the shell would be equally and uniformly distributed over the entire 4 miles of road, that is to say, 2,000 cubic yards of shell would be distributed uniformly on each of the 4 miles of road; that instead of letting them distribute the shell uniformly and equally on each of the 4 miles of road, as was contemplated by the parties, appellant's engineer, on the contrary, directed and compelled appellees to distribute the shell as follows: About 200 cubic yards on the first mile; about 800 cubic yards on the second mile, and about 3,500 cubic yards of shell on each of the last 2 miles; that such distribution of shell made a great difference to appellees in the profits they would have made under the contract had they been allowed to distribute the shell as the parties contemplated; and they alleged, in substance, that, because of such action of the county engineer in compelling them to distribute the shell as he had, they were entitled to recover $2,070 more than would have been due them under the contract as executed.

Appellees admitted in their petition that they had been paid by appellant $16,250, but prayed for recovery of the $2,070 as being still due them by appellant.

Appellant answered by a general demurrer and several special exceptions, general denial, and by special plea of accord and satisfaction.

The case was tried before the court without a jury, and resulted in a judgment in favor of appellees for $2,070, with interest at the

legal rate from the date appellees' claim for that amount was disallowed by the commissioners' court of Orange county, and from the judgment so entered this appeal is prosecuted.

Appellant presents several assignments of error, under which it is contended the judgment should be reversed and rendered in its favor, but, if not, that in all events the judgment should be reversed and the cause remanded.

[1] The first contention is that the trial court should have sustained appellant's general demurrer. It is appellant's contention in this connection, stated in substance, that the appellees' petition shows upon its face that the total consideration they were to receive for hauling and distributing the shell in question was only $16,250, and that, the petition having admitted that appellees had been paid that amount by appellant, no cause of action was shown. We shall not go into detail in following appellant's contention on this point, but will simply state our conclusion that the general demurrer was properly overruled. As stated above, it was not expressly provided in the written contract as to how the shell should be distributed, but only that 8,000 cubic yards should be hauled and distributed by appellees on the 4 miles of road mentioned in the contract, and that this work should be done under the supervision and direction of appellant's engineer. It was permissible under this contract for appellees to allege and prove that it was contemplated by the parties at the time of the execution of the contract that this shell should be equally and uniformly distributed throughout the entire 4 miles of road to be covered. For the same reason the court was not in error in overruling the several special exceptions which attack the petition on the ground that appellees were attempting to vary the written contract by pleading and proof of an oral understanding between the parties at the time the contract was executed.

It is next contended by appellant that the trial court was in error in declining to sustain its plea of accord and satisfaction; appellant contending in this connection that the proof showed without dispute that appellees, when the controversy arose between them and appellant, finally agreed to accept, and did accept, in settlement of the controversy the sum of $16,250 as a payment in full of the claim presented by appellees. We have examined the evidence in this connection and find that the court was fully warranted by the evidence in finding against appellant as to this contention.

The court filed formal findings of fact and conclusions of law, and all of the fact findings were favorable to the appellees, and we approve them all save one, and that is the trial court's fifth finding of fact. This finding was, in substance, that appellees were directed by appellant's engineer and by appellant to distribute the 8,000 cubic yards of shell over the 4 miles of road in the manner in which it was distributed, and that therefore appellant was liable to appellees to the extent of $2,070, as claimed by them. This finding of fact is attacked and assigned as error by appellant in this court, and the assignment must be sustained. All the witnesses who testified on the point, including appellees themselves, unqualifiedly stated that they did not distribute the shell as directed by appellant's engineer. They testified that appellant's engineer agreed with them that the shell should be uniformly and equally distributed over each mile of the 4 miles of road, and that the engineer insisted that appellees should be permitted to so distribute the shell, but that one of the county commissioners, who had come into office shortly after the contract was executed, insisted that the shell should not be distributed uniformly and equally over each mile of the 4 miles of road to be covered, but that it should be distributed just as appellees did, in fact, distribute it, and that all this was done over the protest of appellant's engineer. This commissioner was Mr. Allie Payne, and the road in question runs through his precinct. There was no pleading by appellees that this commissioner was authorized to act for the commissioners' court of Orange county in changing or altering or modifying the terms of the original contract, and there was no pleading by appellees that the commissioners' court of Orange county ratified any change in the contract by this commissioner.

[2] Under the law of this state, the commissioners' court of a county, acting as a body, alone has authority to make such a contract as that in question here for the county. It is true that the commissioners' court has authority to appoint an agent to contract for it, but the commissioners, sitting as a court, must authorize the making of the contract by the agent, and no one not so authorized can make such a contract that will bind the county. An individual member of a commissioners' court has no authority, by virtue of his office, to act as the agent of the court as a body in making such a contract, and unless such individual member of the court be expressly authorized to act as the agent of the court in making such a contract, or in changing one already made by the court, the county will not be bound. Polly v. Hopkins County, 74 Tex. 145, 11 S. W. 1084; Ferrier v. Knox County (Tex. Civ. App.) 33 S. W. 896; Germo Manufacturing Co. v. Coleman County (Tex. Civ. App.) 184 S. W. 1063; Dallas v. Brown, 10 Tex. Civ. App. 612, 31 S. W. 298; Jackson Co. v. Hutchinson County (Tex. Civ. App.) 88 S. W. 412; 9 Corpus Juris, 708.

It is clear from the evidence in this record that the trial court's fifth finding of fact, which was, in substance, that the shell in question was distributed under the direction of appellant's engineer and as directed by appellant, cannot be sustained, and for that reason the trial court's judgment must be reversed and the cause remanded, and it has been so ordered.