## WICHITA COUNTY v. ALLRED et al.
### No. 3377.

Court of Civil Appeals of Texas. Amarillo.
March 26, 1930.

Rehearing Denied April 30, 1930.

Wayne Somerville and Bullington, Boone, Humphrey & King, all of Wichita Falls, for plaintiff in error.

P. H. Lambert and Harry Bunnenberg, both of Wichita Falls, for defendants in error.

HALL, C. J.

The defendants in error, who are public accountants and auditors, sued Wichita county to recover upon an express contract, by the terms of which the county employed defendants in error to recheck the account of one of the county officials.

It is alleged that the county agreed to pay them $17.50 per day for their services. They alleged compliance with the contract; that they prepared and submitted a written report of their findings to the commissioners' court, and pray for judgment in the sum of $297.50.

They alleged that they prepared a statement of their account, presented it to the commissioners' court with the request that it be paid, which was referred by the court to the county auditor, and that the auditor refused to approve the same.

■ The petition does not allege that any order was passed by the commissioners' court, embodying the terms of the contract, and, in this particular, we think the pleading was subject to a general demurrer; however, the case was tried and the evidence shows that no resolution or order evidencing the contract was ever passed by the commissioners' court or entered upon the minutes. The contract is therefore void. Fayette County v. Krause, 31 Tex. Civ. App. 569, 73 S. W. 51; Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841, and authorities therein cited.

■ As held by this court in the case of Wichita County v. Tittle, 27 S.W.(2d) 649, this day decided, the plaintiffs were not entitled to recover upon the express contract. They did not plead or pray in the alternative for a recovery upon an implied contract, or quantum meruit. Plaintiffs must recover, if at all, upon the identical contract sued upon.

■ The appellees endeavored to sustain the judgment upon the ground that, by subsequent conduct and an order entered upon the minutes approving the report, the contract had been ratified by the commissioners' court. A sufficient answer to this contention is that the appellees did not plead ratification, and, even if the evidence established that fact, the judgment must be reversed because not supported by the pleadings.

For the reasons stated, the judgment is reversed, and the cause remanded.