Geo. S. Berry, Robert Howard, and J. H. Broadhurst, all of Lubbock, for appellant.

J. M. Elliott, C. Land, W. J. Bragg, John Deaver, J. O. Fitzjarrald, and Sam J. Hamilton, all of Memphis, for appellees.

## SWAIM v. MONTGOMERY et al.

### No. 5379.

Court of Civil Appeals of Texas. Amarillo.

Sept. 29, 1941.

JACKSON, Chief Justice.

This action was instituted March 16, 1941, in the District Court of Hall County by the plaintiffs, J. P. Montgomery, H. E. Tarver, R. H. Crawford, N. E. Burk and S. B. Pallmeyer, all resident taxpaying citizens of Hall County, Texas, for themselves and other taxpayers of the county. The purpose of the suit was to obtain a temporary injunction to restrain Vance Swaim, the appellant herein, and also Claude Calloway, alleged to be the agent of Vance Swaim, and the county judge of the county, M. O. Goodpasture, and the county commissioners, W. B. Morrison, Tracy Davis, Burl Bell and Roy Russell, from enforcing or attempting to enforce a purported contract attempted to be made by and between Hall County and Vance Swaim by which he claimed to be authorized to collect for 15% thereof the delinquent taxes, penalty and interest due to Hall County and to the State of Texas.

The plaintiffs alleged the contract to be illegal and void, first, because it was obtained by Vance Swaim by solicitation in violation of Article 430 of the Penal Code of the State of Texas; second, because the contract was not made by the county through the county judge and commissioners acting in a body as the commissioners of the county; that defendant Vance Swaim was sending out delinquent tax notices and threatening to file suits by virtue of his authority under this purported contract against the delinquent tax payers unless the delinquent taxes were promptly paid.

The petition was heard by the court in vacation and on the same day the district clerk, on the filing of a bond in the sum of $5,000 by the plaintiffs, was directed to issue a writ enjoining the defendants and each of them from enforcing or attempting to enforce any of the terms and provisions of said contract until the further notice of the court.

Vance Swaim, the only defendant to answer, filed a motion on April 22, 1941, to dissolve the temporary writ theretofore issued; denied that he or anyone authorized to act for him solicited the contract with Hall County to collect the delinquent taxes, pleaded the contract between himself and said county was valid since signed by W. B. Morrison, Burl Bell and Roy Russell who were commissioners of the county and that said contract was acted upon by the commissioners court.

The court heard the evidence on the motion, refused to dissolve the temporary writ theretofore issued, but continued it in full force and effect until a final hearing on the merits and from this action Vance Swaim alone prosecutes this appeal.

The appellant assigns as error the action of the court in holding that the contract involved was invalid because signed by only three of the county commissioners no one of whom was at the court house nor at the county seat nor present when either of the others affixed his signature thereto.

The court found that on the 10th of February, 1941, the Commissioners Court of Hall County passed the following order:

"On this the 10th day of February, 1941, at a Regular meeting of the Commissioners' Court of Hall County, Texas, there came on for consideration the making of a contract for the collection of delinquent taxes, and motion was made by Burl Bell, County Commissioner of Precinct No. 3, seconded by W. B. Morrison, County Commissioner of Precinct No. 1, that subject to approval by the Comptroller of Public Accounts and Attorney General of Texas, said Commissioners' Court in behalf of said County do make and enter into a contract with Vance Swaim, a licensed attorney, for the latter to collect delinquent taxes in said County for 15% of the amount of taxes, penalty and interest collected, said contract to end on the 31 day of December, 1942, with six months thereafter to complete pending suits, requiring said attorney to give bond in the sum of $5,000.00, and to be on forms currently promulgated and recommended by the State Comptroller.

"Said motion being put to vote, it carried by a vote of 3 to 2, those voting 'Aye' were: Burl Bell, W. B. Morrison, Roy Russell. Those voting 'No' were: T. L. Davis, M. O. Goodpasture.

"It is therefore ordered that said contract be prepared and executed, submitted to the Comptroller of Public Accounts and Attorney General of Texas, and if approved by them, recorded in the Minutes of this Court.

"W. B. Morrison, County Commissioner, Precinct #1

"Burl Bell, County Commissioner, Precinct #3

"Roy Russell, County Commissioner, Precinct #4."

The court also finds on sufficient testimony—in fact, such findings are not seriously questioned—that the purported contract between Vance Swaim and Hall County was signed only by three of the commissioners of the county, W. B. Morrison, Burl Bell and Roy Russell; that the two first named commissioners were not at the court house nor at the county seat when their signatures were affixed thereto and Roy Russell was at his home in Turkey, forty-five miles from the county seat; that no one of said commissioners was present when either of the others signed the contract; that the contract was never mentioned nor discussed by the commissioners court while in either a regular or called session of the court; that such contract was never at any time presented to or acted upon by the commissioners court when in session or acting in a body.

In Tarrant County et al. v. Smith et al., Tex.Civ.App., 81 S.W.2d 537, 538, writ refused, it is held that: "The commissioners' court does not act by the statement

of one member thereof at the local drug store and another at the county victuals emporium, etc. They meet as a court and transact the county business in open session. Such requirement is not formal. It is substantial, both that the members may have the benefit of the knowledge and opinions of the other members, as well as that the public may know when and where its affairs are being transacted. Const. art. 1, § 13 [Vernon's Ann.St.]."

■ In Parmer County v. Smith, 47 S. W.2d 883, 885, this court, speaking through the lamented Chief Justice Hall, says: "In order to bind the county, the commissioners must act as a court, and not as individuals."

See also Jackson-Foxworth Lumber Co. v. Hutchinson County, Tex.Civ.App., 88 S. W. 412; Fayette County v. Krause et al., 31 Tex.Civ.App. 569, 73 S.W. 51, writ of error denied.

■ Under the findings of the court based on sufficient facts and under the authorities it is obvious, we think, that Hall County was not bound by the contract signed by the three commissioners acting individually and separately notwithstanding they signed as county commissioners.

■ The appellant also contends that the order of the commissioners court made and entered on the minutes was in itself sufficient to constitute a binding contract with the county. It will be noted that the order provides that subject to the approval of the Comptroller of Public Accounts and the Attorney General said commissioners court make and enter into a contract with Vance Swaim for the collection of delinquent taxes. The judgment of the court is: "It is therefore ordered that said contract be prepared and executed" after which it shall be submitted to the Comptroller and Attorney General and, if approved, recorded in the minutes of the commissioners court. By whom did the court intend the contract should be executed unless by Mr. Swaim and Hall County? The only way that Hall County could execute the contract and bind the county would be by a majority of the court while in session and acting as a body. If there could be any uncertainty or ambiguity in the meaning of this order, the intention of the contracting parties is made manifest by the fact that Mr. Swaim signed the purported contract and secured the signatures of three of the commissioners though acting separately and individually to the contract someone had prepared and these three commissioners understood the order was not the contract. If not why affix their signatures to the contract?

In Greene et al. v. Waggoner Refining Co. et al., 278 S.W. 492, 494, Chief Justice Conner, speaking for the Fort Worth Court of Civil Appeals, says: "Contracting parties negotiating, who understand and agree, expressly or impliedly, that an oral agreement shall be reduced to writing before the contract becomes final, are bound by such agreement or understanding, and an execution of the written contract is necessary to give validity and right of enforcement to the agreement."

See also Patterson v. Yellow Cab Mfg. Co., Tex.Civ.App., 298 S.W. 918; Cranfill et al. v. Swann Petroleum Co., Tex.Civ. App., 254 S.W. 582.

The order of the commissioners court also provided that the contract should be approved by the Attorney General and Comptroller. There is no contention that the order of the court was ever approved as a contract by such State officers.

We consider it unnecessary to pass on the other assignments presented, since in our opinion what we have said is conclusive against appellant's right to have the temporary injunction dissolved.

The judgment of the trial court continuing such temporary writ in force until a final hearing is therefore affirmed.