**ROWAN et al. v. PICKETT et al.**

No. 12229.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 28, 1951.

Ronald Smallwood, J. Douglas McGuire, San Antonio, for appellants.

Scarborough & Roberts, Kenedy, for appellees.

POPE, Justice.

This is an injunction suit which essentially concerns the construction of Article 2372c, Vernon's Ann.Civ.Stats.

Appellants, taxpayers of Karnes County, by a class action sought to permanently enjoin the Commissioners and County Judge of that County, individually and as the Commissioners' Court, from using county equipment and machinery for private purposes. At the conclusion of the evidence the court entered its judgment against the defendants, who appeared both individually and as members of the Commissioners' Court, permanently enjoining them from using certain county trucks for purposes other than county purposes, from using county equipment to move privately owned houses or buildings and "from making or entering into any private contracts for the use of the road machinery or other equipment of Karnes County, Texas, unless the same, in the opinion of the defendants, is related to soil conservation." All other relief was denied and the costs were equally divided.

The court made findings of fact that the Commissioners' Court had been using county equipment in connection with soil conservation on private farms, that in most instances no written application for this work was made to the Court by the landowner, that in other instances no written contracts were made but sometimes written contracts were prepared by the soil conservation service, signed by the owner and accepted by the Court and the AAA Committee of the county; that this work consisted mostly of a few hours' work when the equipment was in the locality; that it would be impractical to keep machinery idle long enough to hold Commissioners' Court meetings to execute written contracts; that the prices charged for this conservation work were uniform in the county, that the individual commissioners followed the practice of negotiating the original contracts which were later discussed and agreed upon by the Court; that the Commissioners engaged in the practice of dragging and smoothing roads from people's houses along the main roads to the main road; that the evidence failed to show whether such roads were third class county roads; that this road work was also performed around churches and public schools where used by the traveling public; that these works were performed when the equipment was otherwise idle and not needed on the roads; that the county roads had not been neglected by reason of these works; that "some of the defendant commissioners have been using county road machinery and equipment in engaging in private work for private persons or corporations for hire, and in turn paying the proceeds over to the county for the use of such machinery; such work being wholly disconnected with the upkeep, maintenance or construction of any road and not in connection with any soil conservation practice as provided by law"; that "some of the defendants have been using county equipment for their own private use and benefit, wholly disconnected with and independent of any of their official duties as commissioners"; and that there had been no discrimination between citizens of the county in the maintenance of the roads or in soil conservation work.

These findings are followed by conclusions of law wherein the court concluded that the Commissioners' Court of Karnes County, Texas, had ratified and confirmed all of the soil conservation contracts entered into by the individual commissioners; that the matters complained about in connection with those contracts were matters within the discretion of the Commissioners' Court; that the Commissioners' Court did not abuse its discretion in respect to those contracts; that the matter of the construction and maintenance of the public roads and the necessary approaches thereto, were also matters within the discretion of the Commissioners' Court, and that the Commissioners' Court had not abused its discretion; that the leveling and smoothing of public grounds and approaches as a means of egress and ingress for the use and enjoyment of the public generally was not illegal and that the Commissioners' Court had not abused its discretion in that connection in this case; "that engaging in private contracts using the public county road machinery and equipment for hire is illegal and a diversion of public property from the use for which it was intended, regardless of whether the county received remuneration therefor or not, and that such

practice should be enjoined," and "that the use by the defendants of any public property for their own private use and benefit, wholly disconnected with any public use for which the property was intended, is illegal and amounts to an unlawful diversion of the property from its intended use, and should also be enjoined."

Appellants have briefed forty-seven points of error consisting of attacks on each finding of fact, each conclusion of law and the court's failure to make additional findings and conclusions. The complaints fall into two general groups. There are points complaining about practices of the Commissioners' Court in permitting the use of county machinery and equipment for soil conservation contrary to and in excess of the powers granted by Article 2372c, Vernon's Ann.Civ.Stats., and there are complaints against the use of county equipment for private purposes including the maintenance of private ways leading into public roads.

■ Article 2351, Vernon's Ann.Civ. Stats., specifies the general powers and duties of the Commissioners' Court. Its authority over county business is limited to that specifically conferred by the constitution and statutes, but the court possesses broad discretion to accomplish those granted powers. Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084; Dodson v. Marshall, Tex.Civ.App., 118 S.W.2d 621. Prior to 1931 no authority existed for a Commissioners' Court to permit the use of road machinery on private property for soil conservation purposes. Article 2372c enacted in that year granted this additional power and prescribed the procedure to be followed in the event the court elected to participate in such conservation work.

The statute is short and clear. It states that a Commissioners' Court may participate in the soil conservation program (1) when the judgment of the County Commissioners' Court is entered upon the minutes of the court that its machinery or equipment is not demanded for the building and upkeep of the county roads, (2) permission may be granted landowners and taxpayers to use the machinery and equipment for such purposes *under written contract,* (3) the county shall receive compensation upon a uniform basis which shall be paid into the Road and Bridge Fund of the County, and (4) the Commissioners' Court or its representatives shall not go upon the land of any owner to improve, terrace, protect, or ditch such land *until requested to do so in writing by such owner.*

■ ■ The trial court improperly refused to make a finding that the arrangements with the various landowners were made by the individual commissioners acting separately rather than sitting and acting as the Commissioners' Court. The court did, however, make a finding that in most instances the individual commissioners of the particular precincts negotiated the contracts for the use of the county machinery, and that later these matters were discussed and agreed upon in the Commissioners' Court. The testimony showed that each individual commissioner as a matter of general practice made his own agreements, and entered upon and performed work in his own discretion in his separate precinct without regard to the Commissioners' Court. Each commissioner used the equipment available in his own precinct in the exercise of his separate judgment. Article 2372c expressly and explicitly imposes these responsibilities upon the Commissioners' Court acting as a governing body rather than upon the individuals acting separately. It does not authorize nor permit county matters to be decided by the single decision of the commissioner for his precinct.

That the Commissioners' Court is something more than the individuals composing the body is no longer an open question.

"By Article 2342 of the Revised Statutes, it is provided that the several commissioners, together with the county judge, shall compose the 'commissioners court.' Such court is manifestly a unit, and is the agency of the whole county. The respective members of the commissioners court are therefore primarily representatives of the whole county, and not merely representatives of their respective precincts. The duty of the commissioners

court is to transact the business, protect the interests, and promote the welfare of the county as a whole." Stovall v. Shivers, 129 Tex. 256, 103 S.W.2d 363, 366.

■ And, as stated more recently by the Texas Supreme Court in Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 455: "Furthermore, the individual commissioners have no authority to bind the county by their separate action. Orange County v. Hogg, Tex.Civ.App., 269 S.W. 225; Parmer County v. Smith, Tex.Civ.App., 47 S.W.2d 883; Tarrant County v. Smith, Tex.Civ.App., 81 S.W.2d 537 (writ of error refused); Swaim v. Montgomery, Tex. Civ.App., 154 S.W.2d 695 (writ of error refused, want of merit)."

This requirement is not formal. "It is substantial, both that the members may have the benefit of the knowledge and opinions of the other members, as well as that the public may know when and where its affairs are being transacted. Const. art. 1, § 13 [Vernon's Ann.St.]." Tarrant County v. Smith, Tex.Civ.App., 81 S.W.2d 537, 538; Swaim v. Montgomery, Tex.Civ.App., 154 S.W.2d 695; Fayette County v. Krause, 31 Tex.Civ.App. 569, 73 S.W. 51.

The trial court also refused to make a finding that the minutes of the Commissioners' Court contained no entry showing that in its judgment the county machinery was not needed for the service of the building and the upkeep of county roads. There was a finding that the county machinery was used for soil conservation purposes when it would otherwise be idle. There also was a finding that the Commissioners' Court orally discussed these matters. But the evidence showed that the minutes of the Commissioners' Court were silent concerning participation in or compliance with Article 2372c. The only record or report made to Karnes County relating to any of the soil conservation uses of county equipment was in the nature of checks in payment for work already performed. The checks were payable to the county and the individual commissioner delivered the checks to the county auditor. Until receipt of these checks, Karnes County had no

written record of work performed nor the names of the persons owing the county.

■ While we recognize the rule that the failure to make a minute entry does not necessarily invalidate a legitimate claim, the Legislature specifically required written records in connection with a county's participation under Article 2372c. The Legislature apparently felt that knowledge of the use of public machinery for private soil conservation purposes was information which the public was entitled to have. The Commissioners' Court speaks to the public through its minutes. We do not think that the requirements of minute entries and written contracts and written applications were intended by the Legislature to be meaningless.

■ The Legislature having spoken, it is not for the Commissioners' Court to substitute their judgment, nor may we substitute ours, for that of the Legislature. The Legislature granted the authority and defined the procedure within which this beneficial work may be extended to private citizens. The act must be followed. " * * * where a power is granted, and the method of its exercise prescribed, the prescribed method excludes all others, and must be followed." Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104, 1105; State v. Johnson, Tex.Civ.App., 52 S.W.2d 110.

■■ The trial court's finding that the Commissioners' Court had considered and discussed these past acts and that all oral soil conservation contracts originally made by the individual members of the court had been confirmed and ratified is considered as supported by the evidence and proper. Kutzschbach v. Williamson County, Tex. Civ.App., 118 S.W.2d 930. Appellants, however, seek no remedy as to the past acts, but use those acts only as evidence of a general practice contrary to Article 2372c which will continue in the future unless enjoined. In the absence of a showing that they probably will recur, past acts and practices will not furnish a basis for injunctive relief. Davis v. Upshur County, Tex.Civ. App., 191 S.W.2d 524.

That these practices will, unless enjoined, continue in the future is undisputed. The county judge testified: "Q. And as far as you are concerned, judge, that will continue to be the policy of this commissioners' court and your policy unless the court enjoins you to the contrary? A. It certainly will, yes, sir."

One of the Commissioners testified as follows: "Q. And you, as one of the commissioners, will continue to pursue the same procedure in the future that you have in the past unless the court issues an injunction against you to do otherwise? A. Yes, sir."

Another Commissioner testified concerning the use of county machinery on private property: "Q. And will you also continue to use the equipment and machinery for that purpose until you are enjoined by this court? A. Well, we do, yes, sir."

Another Commissioner testified: "Q. And I believe you testified a moment ago that you are going to keep on doing just exactly like you have in the past unless this court grants an injunction against you? A. That is right. That is custom in this county and all over the state."

The fourth commissioner testified: "Q. You intend to continue to do just as you have done in the past unless you are enjoined by this court? A. I certainly do."

■ This testimony establishes that the acts and practices will continue unless enjoined.

■ Another matter urged in various points by appellants is that of road maintenance and repair. The trial court found that various commissioners engaged in the practice of dragging and smoothing roads leading from persons' houses to main roads, and further found that the evidence failed to show the roads were not third class or neighborhood roads. Appellants sought to enjoin appellees by proving they were maintaining private property rather than public roads. The burden was upon them to prove that the roads being maintained and about which they complained, were not public roads, whether by prescription, dedication or eminent domain. Proof that a road is slightly traveled, McCloskey. v. Heinen, Tex.Civ.App., 266 S.W. 193, or that it is a cul-de-sac, Decker v. Menard County, Tex. Civ.App., 25 S.W. 727, does not prove the road is not public. Article 6711, Vernon's Ann.Civ.Stats., imposes the power upon Commissioners' Courts to establish neighborhood roads. Wood v. Bird, Tex.Civ. App., 32 S.W.2d 271. Upon appellants' failure to prove the non-public nature of the roads about which they complained, the court ruled properly.

Appellants' other points relate to various practices by which the appellees used the public road machinery and equipment for hire in the performance of private contracts with private citizens in work not of a public nature. However, the trial court by his conclusions of law number six and seven has already determined that such uses were illegal and amounted to an unlawful diversion of the county property whether the county received remuneration or not, and the decree adequately enjoins such private uses.

The decree of the district court is reformed by deleting from the decree the words, "and from making or entering into any private contracts for the use of the road machinery or other equipment of Karnes County, Texas, unless the same, in the opinion of the defendants, is related to soil conservation," and in their place are substituted the words, "and from using the road machinery or other equipment of Karnes County, Texas, for the benefit of private persons, provided, however, that such road machinery and equipment of Karnes County, Texas, may be used for soil conservation as authorized by Article 2372c. It is ordered, however, that such use for soil conservation shall not be done or performed until the judgment of the Commissioners' Court is entered upon the minutes of the court that such machinery or equipment is not demanded for the service of building and the upkeep of the county roads; that such use for soil conservation shall not be done or performed unless the Commissioners' Court or its representatives are requested to do so in writing by the landowner or taxpayer desiring such use, and unless the use of such machinery and equipment has been engaged for soil con-

servation purposes by a written contract with the Commissioners' Court and the taxpayer or landowner."

■ The judgment below equally divided the costs between the appellants and the appellees, but Rule 141, Texas Rules Civil Procedure, provides that such a division should be for good cause stated on the record. No such statement in the record is found, and for that reason all costs are adjudged against the appellees. Page v. Key, Tex.Civ.App., 175 S.W.2d 443, 445.

As reformed, the judgment is affirmed.