

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 27, 1958

Honorable George W. Morris
County Attorney
Montgomery County
Conroe, Texas

Opinion No. WW-405

Re: Authority of a county to relocate or rebuild fences, cattle guards, and culverts as a part of the consideration for the purchase of right of way for a County Road or a Farm to Market Road.

Dear Sir:

Your request for an opinion states the following questions:

"Can Montgomery County, Texas, acquire right of way by purchase, contract or otherwise (except by condemnation proceedings) and legally obligate itself to remove and re-establish and/or rebuild the fences, cattle guards and culverts where the work is the whole or a part of the consideration for such new right of way or additional right of way secured by the county either for itself or for and on behalf of the State of Texas for Farm to Market Highways?"

Your letter indicates that the performance of this work by county employees, rather than by an independent contractor engaged by the property owner, will result in savings both to the landowner and the county. Further, you state that such a procedure would eliminate delay in clearing the new right of way for future construction.

In Attorney General's Opinion No. 0-1457, it was stated:

"While right-of-way is acquired by purchase, contract or other wise except by condemnation proceedings, and the construction or rebuilding of the fence is the whole or a part of the consideration for such new right-of-way or additional right-of-way secured by the county, then the county would be obligated to carry out its agreement with the landowner regarding the rebuilding or construction of the fence according

to the contract or agreement had between the
parties."

We think the above statement to be sound, and adopt it
as our opinion in this case.  Accordingly, the county may con-
tract with a landowner, as a part of the consideration for the
purchase or right-of-way, to replace the fence of the owner along
the right-of-way taken for road or highway purposes.

We do not think that the use of county labor and equip-
ment to satisfy this obligation constitutes the use of county
equipment for private purposes as condemned by Article 9780,
Vernon's Penal Code, and Rowan v. Pickett, 237 S.W. 2d 734 (Tex.
Civ. App.), for the reason that this use of county employees and
equipment is in the furtherance of a lawful governmental func-
tion of the county, i.e. the building and maintenance of a system
of roads.

We would further point out that the funds used as con-
sideration for the purchase of such right-of-way may not be
taken from the Permanent Improvement Fund of the County.  At-
torney General's Opinion V-831 (1949).  The Road and Bridge
Fund of the County should be used for this purpose.

The consideration for the work and labor done and
materials furnished by the county as a part of the purchase price
and consideration to be paid for the acquisition of the land in
question should be specifically set forth in the contract.

## SUMMARY

A county may legally contract as a part of
the purchase price of right-of-way to relo-
cate or rebuild the fences along said right-
of-way caused by the widening or changing
of the road or highway.  Said services should
be paid for out of the Road and Bridge Fund
of the County.

JHM:mg:pg:wc

APPROVED:
OPINION COMMITTEE
Geo. P. Blackburn, Chairman
J.C. Davis, Jr.
C.K. Richards
John Reeves

Yours very truly,

WILL WILSON
Attorney General of Texas

By s/John H. Minton, Jr.
    John H. Minton, Jr.
    Assistant

REVIEWED FOR THE ATTORNEY GENERAL BY:  W. V. Geppert.