

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 23, 1992

Honorable James Warren Smith, Jr.    Opinion No. DM-183
Frio County Attorney
P. O. Box V                          Re: Whether a county commissioners court
Pearsall, Texas 78061-1138           is authorized to promulgate regulations
                                     creating a "smoke-free" environment or
                                     designate restricted areas in county buildings
                                     or facilities for smoking    (RQ-363)

You ask whether the Frio County Commissioners Court is vested with the authority to create a smoke-free environment or to designate restricted areas in county buildings or facilities for smoking.[1] We conclude that the court may regulate smoking on all county property.

The commissioners court derives its authority from article V, section 18 of the Texas Constitution, which provides that the court shall "exercise such powers and jurisdiction over *all county business*, as is conferred by this Constitution and the laws of the State . . . ." Tex. Const. V, § 18(b) (emphasis added). The powers and

---

[1]You offer Texas Penal Code section 48.01(a) as the relevant statute in this case. This provision states the following:

> A person commits an offense if he is in possession of a burning tobacco product or smokes tobacco in a facility of a public primary or secondary school or an elevator, enclosed theater or movie house, library, museum, hospital, transit system bus, or intrastate bus . . . , plane, or train which is a public place.

Your reasoning suggests that in the course of exercising its express authority "over all county business," the commissioners court has implied authority to adopt by order section 48.01 of the Texas Penal Code and hence the authority to designate smoking and non-smoking areas within county buildings or facilities. Because we conclude that the commissioners court has broad authority over county buildings and facilities, we need not reach this point in our analysis. *See* Acts 1975, 64th Leg., ch. 290, § 2, at 745 (Penal Code section 48.01(a) does not preempt a local anti-smoking order).

duties of the court are prescribed by the legislature in Local Government Code section 291.001, which provides the following, in pertinent part:

> The commissioners court of a county shall:
>
> ....
>
> 3. maintain the courthouse, offices, and other public buildings.

See *Dodson v. Marshall*, 118 S.W.2d 621, 623 (Tex. Civ. App.--Waco 1938, writ dism'd) (commissioners court possessed implied authority to regulate the use of courthouse) (considering predesssor statute V.T.C.S. art. 2351). The statutory duty of a commissioners court to keep county buildings and facilities in repair contemplates "inhabitable and usable" property. *See Anderson v. Wood*, 152 S.W.2d 1084 (Tex. 1941) (considering predecessor statute V.T.C.S. art. 2351).

In addition, the counties of this state have general authority to provide for the health and welfare of persons within the county. State law authorizes the county commissioners court to exercise control over health and sanitation matters concerning the county and its residents. Health & Safety Code §§ 121.003 (local public health reorganization act); 122.001 (appropriation and spending authority for health and sanitation); 281.121 n.2 (creation of a hospital district); *see also* Attorney General Opinions O-4725 (1942) (establishment of preventive medicine unit); O-2419 (employment of a nurse), O-2580A (1940) (operation of a health clinic without the establishment of a county hospital). Specifically, section 121.003(a) of the Health & Safety Code vests the commissioners court with the authority to "enforce any law that is reasonably necessary to protect the public health."

Thus no legislation expressly vests the commissioners court with authority to regulate smoking in county buildings and facilities. Similarly, there are no judicial or attorney general decisions directly addressing your concern. However, the commissioners court may act without express authority, so long as its actions are reasonably necessary to pursue some authority granted by either statute or the state constitution. *See generally Pritchard & Abbott v. McKenna*, 162 Tex. 617, 350 S.W.2d 333 (1961) (implied authority to contract with private appraisal firm upheld); *Schope v. State*, 647 S.W.2d 675 (Tex. App.--Houston [14th Dist.] 1982, writ ref'd) (commissioners court granted implied authority to exercise broad discretion in regulation of massage parlors); *Rowan v. Pickett*, 237 S.W.2d 734 (Tex. Civ. App.--San Antonio 1951, no writ) (commissioners court granted broad discretion to

exercise authority reasonably necessary to accomplish soil preservation program); Attorney General Opinion JM-1098 (1989) (commissioners court possessed authority to promulgate regulations regarding smoking in county jail). In our opinion, however, the county commissioners court's broad authority over all county business, as well as its more specific authority to provide for the health and welfare of persons within the county, implicitly empowers the court to regulate smoking in county buildings.[2]

## SUMMARY

As the body responsible for the acquisition and maintenance of county buildings and facilities as well as the health and welfare of persons within the county, the commissioners court is authorized to regulate smoking within and on county property.

Very truly yours,

Dan Morales

DAN MORALES
Attorney General of Texas

---

[2]Several jurisdictions have addressed your query. In Kansas Attorney General Opinion No. 92-33 (1992), it was opined that the board of county commissioners has the authority to designate and decide which areas of a courthouse, except those used for judicial functions, are to be smoking areas. In California Attorney General Opinion No. 91-719 (1991), the District Attorney of Orange County asked whether a county could enact an ordinance which bans smoking in all county buildings and enforce the ordinance against members of the public. It was concluded that such action would be permissible if it would not be in conflict with general laws. *Id.* at 3. Additionally, the writer in Iowa Attorney General Opinion No. 88-1-11(L) (1988), asked whether a county board of supervisors has authority to issue a resolution or ordinance regulating smoking in portions of the county courthouse occupied by the court or its employees. It was concluded that while the board of supervisors is responsible for the custody and control of the courthouse it may not regulate smoking in areas assigned to state officials. The opinion contains the caveat that the decision should not be construed to permit state employees to smoke in other areas of the courthouse contrary to established policy. *Id.* at 2.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Toya C. Cook
Assistant Attorney General