TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00264-CV







Hays County Appraisal District, Appellant



v.



Mayo Kirby Springs, Inc., Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 91-0620, HONORABLE FRED A. MOORE, JUDGE PRESIDING








 Hays County Appraisal District appeals from an adverse judgment in a suit by
Mayo Kirby Springs, Inc. for judicial review of a District order fixing, for ad valorem tax
purposes, the market value of Mayo's real property in Hays County. See Tex. Tax Code Ann.
§§ 41.21-.43 (West 1992 & Supp. 1995) (the "Code"). We will reverse the trial-court judgment
and remand the cause for proceedings not inconsistent with our opinion.



THE CONTROVERSY


 Mayo's property is subdivided into residential lots that the company sells as a trade
or business. Section 23.12(a) of the Code provides that in such instances the market value of the
lots shall be determined according to "the price for which [they] would sell as a unit to a
purchaser who would continue the business." Code § 23.12(a). That is to say, the statute entitles
Mayo to have the market value of its "inventory" of lots determined according to what they would
bring in a bulk sale to a buyer in the same business of selling residential lots. Believing section
23.12(a) violates article VIII, section 1 of the Texas Constitution, which requires that "[t]axation
shall be equal and uniform," and section 2 which requires that all real property "shall be taxed
in proportion to its value," the appraisal review board disregarded section 23.12(a) of the Code
and calculated the market value of each lot separately in appraising Mayo's property. See Tex.
Const. art. VIII, §§ 1, 2; Code § 23.12. The aggregate market value of the numerous lots totaled
$1,806,500 and the appraisal review board appraised them accordingly.

 Mayo sued in district court, under section 42.21 of the Code, for judicial review
of the appraisal order. The District counterclaimed in a declaratory-judgment action requesting
that the court hold unconstitutional section 23.12(a) of the Code. In the course of the lawsuit,
Mayo moved that the dispute be referred to arbitration under section 42.225 of the Code. See Act
of May 22, 1991, 72d Leg., R.S., ch. 412, sec. 1, § 42.225, 1991 Tex. Gen. Laws 1576 (Tex.
Tax Code Ann. § 42.225, since amended). Over the District's objection, the court referred the
controversy to arbitration and appointed an agent of "Judicial Arbitration & Mediation Services,
Inc." to conduct such proceedings. Former section 42.225 of the Code, upon which the trial court
made the referral, provided as follows:



(a) A property owner who appeals an appraisal review board order under this
chapter is entitled to have the appeal resolved through binding arbitration.


(b) On motion by the property owner, the court shall order the parties to submit
to arbitration and shall appoint an impartial third party to conduct the
arbitration. The impartial third party is appointed by the court and serves as
provided by Subchapter C, Chapter 154, Civil Practice and Remedies Code.


(c) Each party or counsel for the party may present the position of the party
before the impartial third party, who must render a specific arbitration award
resolving the appeal.


(d) Except as provided by Subsection (e), an arbitration award is binding and
enforceable in the same manner as a contract obligation is:


 (1) in a motion filed under Subsection (b), the property owner stipulates
that the award is to be binding on all the parties; or


 (2) before the rendition of the award, the parties agree to be bound.


(e) An arbitration award is not binding if it results or would result in an amount
of taxes on the property that exceeds the amount of taxes assessed on the
property under the order from which the appeal is taken.


(f) An arbitration award may include any remedy or relief that a court could
order under this chapter.



Id. The statute has been since amended to provide that the property owner and the district must
both agree to arbitration before it becomes binding. See Tex. Tax Code Ann. § 42.225(b) (West
Supp. 1995) . In the present appeal, we are concerned only with the former version of the statute
and its requirement of binding arbitration on the taxpayer's unilateral election. 

 The arbitrator fixed the market value of Mayo's property at $400,000 and awarded
Mayo $15,000 in attorney's fees. The trial court rendered judgment accordingly, based expressly
on the arbitrator's award, ordering that the District revise its 1991 appraisal roll to reflect a total
value of all Mayo's property in an amount not to exceed $400,000. The judgment also "denied"
the District's counterclaim and awarded Mayo $15,000 in attorney's fees. The District appealed
to this Court.


DISCUSSION AND HOLDINGS


I.


 As it did in the trial court, the District contends on appeal that section 42.225 of
the Code, as it existed at the time of trial, is unconstitutional in purporting to authorize binding
arbitration on a property owner's motion for such relief and over objection by the District. In its
first four points of error, the District argues the statute is unconstitutional because: (1) it
impermissibly delegates judicial power and process to a person (the arbitrator) outside the judicial
system, contrary to article V, section 1 of the Texas Constitution which vests the judicial power
of the State in the courts named therein; (2) it violates the separation-of-powers principle, laid
down most explicitly in article II, section 1 of the Texas Constitution; (3) it frustrates the appraisal
districts' and courts' constitutional duty and function to assure equality and uniformity in ad
valorem taxation under article VIII, section 1 of the Texas Constitution; and (4) it purports to
authorize the secret conduct of the public function of taxation, in violation of the "open courts"
provision of article 1, section 13 of the Texas Constitution. We believe former section 42.225
is unconstitutional on each of the grounds claimed.

 There is no doubt that arbitration is a valuable adjunct to the judicial system in the
resolution of disputes. What we say herein should not be understood as stating a view that
arbitration is impossible under the statutory provisions for the judicial review of appraisal-review
board valuations of property pursuant to sections 42.21-.29 of the Code. See generally Harold
H. Bruff, Public Programs, Private Deciders: The Constitutionality of Arbitration in Federal
Programs, 67 Tex. L. Rev. 441 (1989). We hold simply that the former version of section
42.225 does not meet the minimum constitutional standard for such statutes.

 The ultimate interpretation and enforcement of article VIII, requiring that ad
valorem taxation be equal and uniform and according to market value, is a judicial function. The
judicial function may be abridged, if at all, only by an adequate statute. See Rogers v. Daniel Oil
& Royalty Co., 110 S.W.2d 891, 894 (Tex. 1937). Section 42.225 of the Code is not an adequate
statute. Firstly, it purports to authorize a taxpayer unilaterally to transfer the determination of his
claim to a non-judicial proceeding that he may require shall remain confidential and concealed,
even from the court that is expected to enforce the arbitration award. See Code § 42.225(b); Tex.
Civ. Prac. & Rem. Code Ann. §§ 154.053(b), (c) (West Supp. 1995). While the open-courts
provision of article I, section 13, of the Texas Constitution serves principally to secure the rights
of individuals, it secures incidentally the public's interest in the open transaction of governmental
affairs. See Swaim v. Montgomery, 154 S.W.2d 695, 697 (Tex. Civ. App.--Amarillo 1941, writ
ref'd). By purporting to allow the taxpayer to invoke secret proceedings in the appraisal of
property for ad valorem tax purposes, former section 42.225 of the Code violates article I, section
13 of the Texas Constitution.

 Secondly, section 42.225 of the Code infringes unduly upon the judicial power in
violation of the separation-of-powers principle of the Texas Constitution. The statute may also
be viewed as an unconstitutional delegation of judicial power implicitly prohibited by article V,
section 1 of the Texas Constitution. The unconstitutionality consists in the proposition that a
taxpayer may unilaterally deny the reviewing court any meaningful method of ascertaining the
lawfulness of the arbitration award the court is expected to enforce by its judicial power. Bruff,
supra, at 477-78. The appraisal of property involves not only the taxpayer's rights, but public
rights as well. Yet the statute purports to allow binding arbitration over the objection of the
public's representative--the appraisal district--and subjects the district to judicial enforcement. And,
as mentioned above, the statute purports to insulate the arbitrator's award from judicial scrutiny
by incorporating the confidentiality requirement of sections 154.053(b) and (c) of the Texas Civil
Practice and Remedies Code, thereby frustrating the judiciary in any attempt to learn whether the
award complies with the applicable statutory and constitutional provisions--as opposed to being
based upon extra-legal considerations. Cf. Thomas v. Union Carbide Agric. Prod. Co., 473 U.S.
568, 592-93 (1985) (Congress may constitutionally implement binding arbitration requirement in
administrative proceedings affecting public as well as private rights under complex statutory
scheme, without intruding unduly upon judicial power, when agreement of parties is required, no
sanctions are imposed, and courts retain a meaningful power to review at least facial consistency
of the arbitrator's decision for compliance with statutory criteria and constitutional norms).

 We hold the former version of section 42.225 unconstitutional on the grounds
stated. The proceedings below are therefore void. We sustain the District's point of error one
through four.



II.


 We should also decide a reply point raised by Mayo because it is likely to arise
following remand. Mayo contends in its first reply point that the District lacks standing or is
equitably estopped from challenging the constitutionality of section 23.12 of the Code, an integral
part of the statutory scheme the legislature has entrusted to the District's administration. We
disagree. In doing so, we express no opinion on the merits of the District's claim. We decide
merely that the District is entitled to press its claim of unconstitutionality and to have a judicial
resolution of that claim. We refer to our decision this day in Williamson County Appraisal
District v. Nootsie, Ltd. & State of Texas, No. 03-93-00588-CV, slip op. at 7-9 (Tex. App.--Austin
June 7, 1995, no writ h.). We overrule Mayo's first reply point.

 Our holdings above make it unnecessary to review the parties' other points of error. 
We reverse the trial-court judgment and remand the cause to that court for proceedings not
inconsistent with our opinion.



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: June 7, 1995

Publish